29 So.2d 425

### BURCH v. STATE.

4 Div. 435.

Supreme Court of Alabama.

March 13, 1947.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the petition.

A. L. Patterson, of Phenix City, opposed.

LAWSON, Justice.

Ben Burch was convicted in the circuit court of Russell County of distilling or manufacturing prohibited liquor. The Court of Appeals reversed the judgment of conviction because of a portion of the argument of the solicitor for the State. Application for rehearing, duly filed by the State, was overruled by the Court of Appeals on October 8, 1946.

On October 23, 1946, the State filed in the office of the clerk of this court its application for writ of certiorari, which application was accompanied by a brief in support thereof. The application and brief were filed together and to the application was affixed a certificate of counsel for the State in the following language: "I, ————, one of the attorneys of record for the petitioner, do hereby certify that a copy of the above and foregoing petition for certiorari to the Court of Appeals, *together with a copy of petitioner's brief, was forwarded by United States mail, postage prepaid, to Mr. A. L. Patterson, Attorney at Law, Phenix City, Alabama,* attorney for appellant, on the 23rd day of October, 1946." (Emphasis supplied)

Thereafter, on November 1, 1946, counsel who represented Burch in the Court of Appeals filed in this court a motion to strike or dismiss the State's application for writ of certiorari and brief in support thereof on the ground that Supreme Court Rule 44, Code 1940, Tit. 7 Appendix, had not been complied with in that a copy of the brief filed in support of the application was not served on counsel for Burch within fifteen days after the Court of Appeals overruled the State's application for rehearing.

It is without dispute that counsel for Burch did not receive a copy of brief filed by the State in support of the application until October 24, 1946, the sixteenth day after the Court of Appeals had overruled the State's application for rehearing. It was mailed in Montgomery on the preceding day, October 23, 1946.

The pertinent provisions of Supreme Court Rule 44 are as follows:

" * * * and the application [for certiorari] to this court must be filed with the clerk of the supreme court within fifteen days after the action of said court of appeals upon the said application for rehearing. * * * The application for certiorari * * * must be accompanied by a brief pointing out and arguing the point or decision sought to be revised and a certificate must be attached or embodied therein that a copy of said brief *has been served* on counsel for the other side, if the adverse party was represented by counsel in the court of appeals." (Emphasis supplied)

We have heretofore held that the said rule is mandatory in so far as it requires that the application for certiorari be accompanied by a brief pointing out and arguing the point of decision sought to be revised and that the failure to comply therewith requires that the application for certiorari be stricken. Birmingham Waterworks Co. v. Edwards, 202 Ala. 503, 80 So. 791; Locklear v. State, 205 Ala. 236, 87 So. 712; Gulf, M. & O. Ry. v. Scott, 248 Ala. 250, 27 So.2d 152.

Counsel for Burch here contends that said Rule 44 requires that the brief actually be received by counsel for the opposite party within the fifteen days and that the rule is not complied with merely by placing a copy of the brief in the mail within the fifteen-day period. On the other hand, the State contends that the rule is complied with when it appears that the brief was placed in the mail within the period prescribed by the rule.

We are of the opinion that the State's application for writ of certiorari must be stricken for failure to comply with the aforesaid rule of this court. The mere mailing to opposing counsel of the copy of the brief in support of the application for the writ of certiorari within fifteen days of the date on which the Court of Appeals overruled the application for rehearing will not suffice. We think the rule contemplates that opposing counsel should actually receive the brief within the allotted fifteen days.

The exact question does not appear to have been presented to this court heretofore. However, decisions of this court and of the Court of Appeals construing similar provisions contained in Supreme Court Rule 38 support the conclusion herein reached. Supreme Court Rule 38, supra, provides in part as follows:

"All applications for rehearing must be filed with the clerk of the court, accompanied by brief for the applicant and a certificate of counsel that a copy of such brief has been delivered to opposing counsel, within fifteen days after the rendition of the judgment whether such period extends beyond the term of court or not * * *".

In the case of In re State ex rel. Attorney General, 185 Ala. 347, 64 So. 310, 311, the application of the State for rehearing was stricken because it was not filed with the clerk of this court within the allotted fifteen days, although the application was so seasonably and properly posted as that in due course it should have reached the clerk within the fifteen-day period. It was there said:

"Manifestly the posting of an application, properly addressed, is not a compliance with the rule [38]. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule."

To like effect is the recent case of Troup v. State, 248 Ala. 143, 26 So.2d 622.

In Collins v. State, 28 Ala.App. 400, 185 So. 779, 781, the state filed its application for rehearing within the fifteen-day period and a copy of the brief in support of the application was mailed to counsel within the fifteen days, but was not received by him until after that period of time had expired. In striking the State's application for rehearing, the Court of Appeals said: "The mere mailing to opposing counsel a copy of the application for rehearing and brief in support within fifteen days thereof will not suffice. Service thereof, under Rule 38, must be had within the allotted fifteen days." See also Brandon v. State, 27 Ala.App. 321, 173 So. 240, certiorari denied, 233 Ala. 600, 173 So. 253.

The motion to strike the State's application for writ of certiorari to the Court of Appeals is granted and said application is hereby stricken.

Application stricken.

All the Justices concur.