91 So.2d 224

### Jim O. BRUNER

v.

### STATE of Alabama.

### 2 Div. 374.

Supreme Court of Alabama.

Oct. 4, 1956.

Rehearing Denied Dec. 13, 1956.

Mallory & Mallory, Selma, for petitioner.

John Patterson, Atty. Gen., and Robt. G. Kilgore, Jr., Asst. Atty. Gen., opposed.

SIMPSON, Justice.

This case is submitted to this Court on motion of the Attorney General to strike the petition for writ of certiorari and the brief of petitioner, and on the merits.

Motion to Strike

The motion to strike is grounded on the failure of petitioner to serve the Attorney General with a copy of the brief. We think the motion is well taken.

Rule 11 of Revised Rules of this Court regarding the signing and serving of briefs upon the adverse party provides:

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing

party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

Rule 39 of the Revised Rules regarding application for certiorari to the Court of Appeals provides inter alia for the filing of a petition for such a writ and an accompanying brief.

It is quite apparent that one prerequisite for a consideration by this Court of a petition for such a writ is that the adverse party or his counsel should be served with a copy of the brief of petitioner within the prescribed fifteen day period, in accordance with New Rule 44 of the Revised Rules of this Court. Such was the import of old Rule 44, as construed by this Court, which provided that the brief on certiorari should contain a certificate "that a copy of said brief has been served on counsel for the other side." Burch v. State, 249 Ala. 72, 29 So.2d 425, 426. We think a fair construction of Revised Rules 11 and 39 leads to the same result.

True, a copy of the petition for writ of certiorari and a copy of the brief in support thereof were served upon Hon. Blanchard McCloud, Solicitor of the 4th Judicial Circuit of Alabama, but he is not the attorney who represents the State in the Appellate Courts. This duty devolves upon the Attorney General. The pertinent statute provides that the Attorney General

"* * * must attend, on the part of the state, to all criminal cases pending in the supreme court or the court of appeals, and to all civil suits in which the state is a party in the same courts. * * *" § 228, Tit. 55, Code of 1940.

We think our conclusion is reinforced by the necessities of the case for the orderly transaction of such a proceeding, since without having a copy of the brief served on the Attorney General there is no other procedure whereby he would receive notice that a petition for certiorari to the Court of Appeals has been applied for.

Motion to strike granted.

All Justices concur.