96 So.2d 182

**Harry GAMBRELL**

v.

**Ray D. BRIDGES, Sheriff.**

I Div. 703.

Supreme Court of Alabama.

Feb. 21, 1957.

Rehearing Denied June 27, 1957.

Harry Seale, Mobile, for petitioner.

John Patterson, Atty. Gen., and Robert P. Bradley, Asst. Atty. Gen., opposed.

SIMPSON, Justice.

This was an appeal to the Court of Appeals from a judgment in a habeas corpus proceeding. § 369, Title 15, Code of Alabama 1940 as amended, 1955 cum. pocket part, p. 117. The Court of Appeals affirmed the judgment of the lower court and the appellant has filed his petition here for writ of certiorari to review that ruling.

Petitioner is a defendant in an extradition proceeding whereby the State of Michigan requested extradition, and the Governor of this State ordered the issuance of the rendition warrant. In accordance with said Section 369, petitioner filed his habeas corpus petition and on a hearing the trial court denied the petition and ordered him held for extradition. The instant proceeding originated in an appeal from that order.

We are met at the threshold with a motion of the Attorney General on behalf of the State of Alabama to dismiss the petition for writ of certiorari because Rule 11 of the Revised Rules of this Court, Code 1940, Tit. 7 Appendix was not followed by serving a copy of the brief on the Attorney General within the time prescribed. The motion is well taken. In construing Rule 11 with reference to filing briefs, and Rule 39 providing that on the filing of an application for certiorari to the Court of Appeals it must be accompanied by a brief, it has been held that one prerequisite for a consideration by this court of such application is that the adverse party or his counsel should be served with a copy of the brief of petitioner within fifteen days. Bruner v. State of Alabama, Ala., 91 So.2d 224.

 True, the application for the writ and the accompanying brief were served on the Deputy Solicitor of Mobile County, but this did not suffice to give this court jurisdiction to hear the petition. The Bruner case pointed this out because it devolves upon the Attorney General and not the Solicitor to represent the State in the appellate courts in all civil and criminal cases. § 228, Title 55, Code of 1940.

Petitioner advances the contention that under the statute governing appeals in habeas corpus cases such as the instant one, the State is not a proper party. The question has been decided adversely to this insistence. In State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306, 308, where the matter at issue was determination of whether or not the petitioner was entitled to discharge on requisition, it was observed that "the controversy [was] between the State of Alabama and the petitioner." Of such import are the holdings in Wade v. Judge, 5 Ala. 130; State v. Shelton, 30 Ala. App. 484, 8 So.2d 216; Tingley v. State, 34 Ala.App. 379, 41 So.2d 276; State ex rel. Russell v. Jones, 31 Ala.App. 208, 14 So.2d 590. Several sections of the extradition statute, Title 15, Code of 1940, as amended, notably sections 65 and 369, illustrate the soundness of the holding that in such a proceeding the State is the adverse party.

It results that the motion must be sustained.

Motion granted. Petition for certiorari stricken.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.