103 So.2d 62

**Terrell Eugene GOLDEN**

**v.**

**STATE of Alabama.**

3 Div. 833, 834.

Supreme Court of Alabama.

April 10, 1958.

Rehearing Denied June 5, 1958.

Robt. T. Milner, Robt. S. Milner, Holley, Milner & Holley, Wetumpka, for Golden.

John Patterson, Atty. Gen., and Geo. Young, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

Both appellant (Golden) and the State have filed petitions for certiorari to review and revise the judgment and decision of the Court of Appeals in the case of Golden v. State, Ala.App., 103 So.2d 52. The Court of Appeals reversed the case on the ground that error was committed in separating the jury. The State seeks a review of that holding. Golden does not disagree with the reversal but here insists that there are other errors which should be rectified prior to another trial. There is precedent for petitions by both parties. Brasher v. State, 249 Ala. 96, 30 So.2d 31, affirming Brasher v. State, 33 Ala.App. 13, 30 So.2d 26.

Golden has filed a motion to strike the State's petition for certiorari and its brief

in support thereof on the ground that the State's brief was not served on his counsel within the time prescribed by the Revised Rules of the Supreme Court, specifically Rules 11, 39 and 44, Code 1940, Tit. 7 Appendix.

These rules provide, in pertinent part, as follows:

"Rule 11.

"Briefs to Be Signed and Served upon Adversary Parties: Certificate of Service

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

"Rule 39.(44)

"Certiorari to Court of Appeals

"This court will not in term time, nor will the justices thereof in vacation, receive or consider an application for the writ of certiorari, or other remedial writ, or process, for the purpose of reviewing or revising any opinion or decision of the court of appeals, nor entertain, consider, or issue a writ of error, as authorized by section 98 of Title 13 of the Code, unless it appears upon the face of the application therefor that application has been made to said court of appeals for a rehearing of the point or decision complained of, and that said application had been decided adversely to the movant, and the application to this court must be filed with the clerk of this court within fifteen days after the action of said court of appeals upon the said application for

rehearing. The application for any such writ must be accompanied by a brief pointing out and arguing the point or decision sought to be revised or corrected. * * *"

"Rule 44.

"Service of Briefs, Notices, Motions, etc.; How Made

"Whenever any brief, notice, motion or other document is required by these rules to be served, such service may be made either personally or by mail, unless otherwise provided for. If made personally, it shall consist of delivery to a party or to his counsel, as the case may be; provided, however, personal service when made on counsel may consist of delivery, at the office of counsel, to counsel or a clerk therein. If by mail, it shall consist of depositing the same in a United States post office or mail box, with first class postage prepaid, addressed to counsel or the party, as the case may be, at his post office address."

■ It is undisputed that the State's petition for certiorari was filed in the clerk's office on the last day of the prescribed time; that the State's brief was not actually delivered to Golden or his counsel within the prescribed time; and that copy of said brief was not deposited within the prescribed time "in United States post office or mail box." However, it appears that the State's brief was deposited within the prescribed time with the central mailing room at the State Capitol where mail from all state departments is processed. But the central mailing room is not a "United States post office or mail box."

In view of the very clear provision contained in Rule 44 that if service is by mail "it shall consist of depositing the same in a *United States post office or mail box*," we have no alternative but to grant Golden's motion to strike the State's petition for certiorari and brief filed in support thereof. See, Gambrell v. Bridges, 266·Ala. 302, 96

So.2d 182; Bruner v. State, 265 Ala. 357, 91 So.2d 224.

It does not appear that the questions presented by Golden's petition will likely arise in the same manner on the retrial of the case. Accordingly, we pretermit consideration of them.

Motion to strike the State's petition for certiorari and brief in support thereof is granted.

Golden's petition for certiorari is denied.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.