119 So.2d 222

**Al THORPE, alias,**

v.

**STATE of Alabama.**

**6 Div. 521.**

Supreme Court of Alabama.

March 24, 1960.

M. B. Grace, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., opposed.

LAWSON, Justice.

This case is submitted to this court on motion of the Attorney General to strike the petition for writ of certiorari and on the merits.

### Motion to Strike

■ The motion to strike is grounded on the failure of petitioner to serve the Attorney General with a copy of the petition.

In Adkins v. State, 268 Ala. 548, 109 So. 2d 749, we said:

" * * * It has been the consistent holding of this Court that without service of the petition and briefs on the Attorney General within the time required, this Court is without jurisdiction to proceed and a dismissal of the petition must be ordered * * *"

To like effect is our holding in Bozeman v. State, 269 Ala. 610, 114 So.2d 914.

None of the cases cited in the Adkins Case, supra, support the statement to the effect that this court is without jurisdiction unless a copy of the petition is served on the opposite party. All of the cases cited dealt only with the failure to serve briefs as required by Supreme Court Rule 11, Code 1940, Tit. 7 Appendix. There is no such requirement in regard to the petition. We so indicated in Bruner v. State, 265 Ala. 357, 91 So.2d 224, where we observed that unless briefs are served on the opposite party he would receive no notice that a petition for certiorari to the Court of Appeals had been filed.

Our statements in the Adkins and Bozeman Cases, supra, to the effect that copies of the petition must be served on the opposite party in order to give this court jurisdiction to consider a petition for writ of certiorari to the Court of Appeals were inadvertently made and will not be followed.

It is without dispute that the Attorney General was properly served with a copy of the brief filed in support of the petition.

The motion to strike the petition is denied.

### On the Merits

■ The evidence as set out in the opinion of the Court of Appeals tends to show that Thorpe had no legal right to the possession of the Buick automobile.

As to whether Thorpe entertained an intent to convert the car to his own use or to deprive Miss Everett thereof was a question for the jury.

The openness of his conduct in taking and keeping the automobile does not negative the existence of such an intent to the extent that the law requires that the State's evidence be excluded on motion or that the affirmative charge be given in the defendant's favor. McKinney v. State, 12 Ala.App. 155, 68 So. 518, and cases cited; Dickens v. State, 142 Ala. 49, 39 So. 14.

The evidence as set out in the opinion of the Court of Appeals does not support a conclusion that the verdict was contrary to the weight of the evidence.

Writ denied.

SIMPSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.