121 So.2d 890

Ernest L. **CUNNINGHAM**

v.

**STATE of Alabama.**

I Div. 791.

Supreme Court of Alabama.

May 19, 1960.

Rehearing Denied July 14, 1960.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for petitioner.

John Patterson, Atty. Gen., and Wm. C. Younger, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Defendant was convicted of manslaughter and appealed to the Court of Appeals where the record was stricken and the appeal dismissed because the record was filed in that court "* * * some four months and twenty days after the date it should have been filed." No application for extension of time for filing was made either to the trial court or to the Court of Appeals.

Defendant's application for rehearing in the Court of Appeals was overruled August 19, 1958. Within fifteen days thereafter, on September 1, 1958, defendant filed in the Supreme Court his petition for certiorari to review the judgment of the Court of Appeals. Brief in support of the petition was also filed September 1, 1958.

On the petition for certiorari appears a certificate of counsel that "* * * we have mailed, postage prepaid, properly addressed, a copy of the foregoing Petition * * *" to the attorney general, "* * * This *30* day of *Aug,* 1958." The brief also bears a certificate which states that counsel for defendant has mailed a copy of the brief in support of the petition for certiorari, postage prepaid, to the attorney general "* * * on this *30* day of *August,* 1958."

On September 16, 1958, the attorney general filed in this court a motion to strike the petition for certiorari. The motion to strike recites in pertinent part as follows:

"4. State of Alabama avers that the Office of the Attorney General did not receive a copy of the brief of the petitioner-appellant in support of his petition for writ of certiorari until the morning of Friday, September 12, 1958, and further that said copy of the brief of petitioner-appellant so received was not mailed to the Office of the Attorney General until September 11, 1958, from the city of Birmingham, Alabama, which date of mailing is more than fifteen days from the date of the overruling in this cause of petitioner-appellant's application for rehearing in the Court of Appeals on August 19, 1958. In support of this allegation, the State of Alabama attaches hereto and makes a part hereof affidavits of Dorothy Hall and Bernard F. Sykes, together with an exhibit attached to the latter affidavit.

"5. The State of Alabama further avers that the Office of the Attorney General has not received, as of this date, a copy of the petition for writ of certiorari.

"6. The State of Alabama avers that neither a copy of the petition for writ of certiorari nor a copy of the brief in support thereof was mailed to the Office of the Attorney General within fifteen days from August 19, 1958, the date upon which application for rehearing was overruled in said Court of Appeals and that said petition for writ of certiorari to the Court of Appeals has not been filed in accordance with the rules of this Honorable Court and particularly, Rules 11, 39 and 44, and that said petition for writ of certiorari should be stricken or dismissed by this Honorable Court."

The affidavits which accompany the motion to strike support the allegations of the motion. The exhibit to affidavit of Bernard F. Sykes is an envelope. The name and address of an attorney are printed on the upper left-hand corner of the envelope. The name of one of the attorneys on the brief and the address on the brief are the same as the name and address printed on the upper left-hand corner of the envelope.

The envelope is addressed to the attorney general and bears the metered postmark of: "Birmingham, Ala. Sep 11 '58."

The affidavit of Dorothy Hall states that between 8:20 A.M. and 8:30 A.M. on September 12, 1958, in the course of her employment in the office of the attorney general, she opened the mail addressed to that office; that on said date a copy of the brief in support of the petition for certiorari in the instant case was received in said office in an envelope; and that after opening the envelope she threw it, along with other envelopes, into a wastebasket next to her desk. The affidavit further recites:

"* * * I am informed and believe and upon such information and belief state as a fact that an envelope with a return address thereon 'Law Offices, Arthur D. Shores, 1630 Fourth Avenue, No., Birmingham, Alabama,' addressed to 'Hon. John Patterson, Attorney General, State of Alabama, Montgomery, Alabama,' and postmarked 'Birmingham, Ala., Sep 11 '58,' was found by Bernard F. Sykes about 9:30 on the same morning I am referring to in the said wastepaper basket, along with other envelopes which had contained the mail to the Attorney General's Office that morning and that said envelope with said return address thereon is the only one which was received on the morning of Friday, September 12, 1958 from the law offices of Arthur D. Shores.

"I know that the above referred to brief and argument was received on the morning of Friday, September 12, 1958, in the Office of the Attorney General and according to my best information and belief said brief and argument was contained in said above described envelope postmarked September 11, 1958, Birmingham, Alabama."

The affidavit of Bernard F. Sykes states that he is chief of the criminal division of the attorney general's office and recites that:

"On the morning of Friday, September 12, 1958, at approximately 9:30 A. M., I found a copy of a brief and argument styled Ex parte Ernest L. Cunningham, Ernest L. Cunningham, Appellant v. State of Alabama, Appellee, entitled Appellant's Brief and Argument in Support of Petition for Writ of Certiorari, containing a certificate purportedly signed by Arthur D. Shores, Attorney for Appellant, that a copy of said brief had been mailed to the Attorney General of Alabama on the 30th day of August, 1958. This carbon copy of the brief and argument was found on my desk, endorsed in the handwriting of my secretary, Mrs. Frances Walter, 'Rec'd. 9–12–58—late.' This is the same brief and argument referred to and described in an affidavit made by Miss Dorothy Hall under date of September 12, 1958.

"After observing the said brief and inspecting the certificate of service thereon, I determined that the application for rehearing in the Court of Appeals in said cause was overruled on August 19, 1958 and that the fifteenth day thereafter, the time for serving a copy of the brief in support of a petition for writ of certiorari in said cause was the 3rd day of September, 1958.

"In order to verify the date upon which the Office of the Attorney General received the brief of petitioner, I searched each envelope in a certain wastepaper basket near the desk occupied by Miss Hall at the time that *he* had opened the mail on the morning of Friday, September 12, 1958. I found several envelopes, one of which was an envelope addressed to 'Hon. John Patterson, Attorney General, State of Alabama, Montgomery, Alabama,' with the return address thereon 'Law Offices, Arthur D. Shores, 1630 Fourth Avenue, No., Birmingham, Alabama, which envelope was

postmarked 'Birmingham, Ala. Sep 11 '58.' The said envelope is attached to this affidavit and marked for identification Exhibit A.

"This office has not heretofore received a brief in the case of Ex parte Ernest L. Cunningham, Ernest L. Cunningham, Appellant, v. State of Alabama, Appellee, in the Supreme Court on petition for certiorari to the Court of Appeals, and the brief received on September 12, 1958 is the only brief that this office has received in connection with said certiorari proceedings."

■ The affidavits and envelope compel us to conclude that the copy of brief sent to the attorney general was not mailed until September 11, 1958. Defendant has not replied to or controverted the motion to strike.

■ The rule is clearly established that for consideration of a petition for certiorari to the Court of Appeals by the Supreme Court, one prerequisite is that the adverse party or his counsel shall be served with a copy of the brief of petitioner within fifteen days after action by the Court of Appeals on application for rehearing. Supreme Court Rules 11, 39, 44; Code 1940, Title 7, Appendix, Cum. Pocket Parts; 261 Ala. XIX et seq.; Bruner v. State, 265 Ala. 357, 91 So.2d 224; Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182; Golden v. State, 267 Ala. 456, 103 So.2d 62; Adkins v. State, 268 Ala. 548, 109 So.2d 749; Bozeman v. State, 269 Ala. 610, 114 So.2d 914; Thorpe v. State, Ala., 119 So.2d 222.[1] In the instant case, application for rehearing was overruled by the Court of Appeals on August 19, 1958. Fifteen days after that day expired at midnight September 3, 1958. We are compelled to conclude that copy of brief in support of the petition for certiorari was mailed eight days late and was not served on the attorney general within the required time.

■ In Golden v. State, supra, the requirement as to time for mailing copy of brief to opposing counsel on petition for certiorari to the Court of Appeals was fully considered and authorities cited. In the Golden case, within the prescribed time, the attorney general had filed in this court a petition for certiorari to the Court of Appeals and supporting brief, but had failed to mail a copy of the brief to opposing counsel within fifteen days after the Court of Appeals had overruled application for rehearing. In that case, for that reason, we said:

"* * * we have no alternative but to grant Golden's motion to strike the State's petition for certiorari and brief filed in support thereof. (Citations omitted.)" 267 Ala. 456, 457, 103 So. 2d 62, 63.

Likewise, in the instant case we have no alternative and the motion to strike must be granted.

Motion to strike petition for certiorari granted.

SIMPSON, GOODWYN and MERRILL, JJ., concur.

On Application for Rehearing.

COLEMAN, Justice.

On application for rehearing, petitioner cites Clark v. State, 239 Ala. 10, 193 So. 320, and similar cases which state that the former statute relating to striking bills of exception because of delay in presenting or signing same did not rest in the Attorney General the exclusive right to decide, by moving to strike, that denial of constitutional rights of defendants in criminal cases may not be reviewed, and, in ruling upon such motion, this court would examine the bill of exceptions to see if any constitutional right had been denied.

In Patterson v. Alabama, 294 U.S. 600, 605, 55 S.Ct. 575, 577, 79 L.Ed. 1082, the

1. Ante, p. 434.

late Mr. Chief Justice Hughes wrote concerning our former statute, § 6434, Code 1923, as follows:

"\* \* \* For it does not appear that the failure to file a bill of exceptions in time is sufficient in itself to deprive the state appellate court of jurisdiction. On the contrary, the statute of Alabama expressly denies to the court the authority, on its own motion, to strike a bill of exceptions because not filed in time, and provides for that action only upon motion of a party to the record or his attorney. The statute in terms allows parties to waive the objection. \* \* \*"

It thus appears that under § 6434, Code 1923, this court had authority to examine a bill of exceptions, although not timely presented or signed, because timely presentation and signing were not jurisdictional. That is not true as to compliance with our former Rule 44 and present Rules 11, 39, and 44, Code 1940, Tit. 7 Appendix.

In Burch v. State, 249 Ala. 72, 29 So.2d 425, this court held that old Rule 44 had not been complied with where brief supporting petition for certiorari to the Court of Appeals had not been served on opposing counsel within fifteen days as provided by the rule, although such brief had been mailed within fifteen days. Present Rule 39 requires such brief to accompany the petition for certiorari which must be filed within fifteen days as specified in the rule.

Rule 11 requires that such brief shall be served on the adversary by delivery or mailing, and Rule 44 specifies how service personally or by mail shall be made. In Oliver v. State, 256 Ala. 295, 54 So.2d 618, with respect to old Rule 44, this court said:

"It is obvious, on the face of the petition, that Supreme Court Rule 44, Code 1940, Tit. 7, Appendix, has not been complied with. Compliance with Rule 44 is jurisdictional. The petition for certiorari is therefore stricken."

See also: Dawson v. State, 259 Ala. 205, 66 So.2d 568; Johnson v. State, 261 Ala. 373, 74 So.2d 508; Reserve Life Ins. Co. v. Longshore, 262 Ala. 95, 77 So.2d 392.

In the cases cited on original deliverance, this court uniformly held that failure to serve brief on the adversary in time was a failure to comply with present Rules 11, 39, and 44, and that compliance with those rules as to timely service of brief is a prerequisite for consideration of petition for certiorari to the Court of Appeals. Compliance with those rules is a prerequisite in the instant case and because of petitioner's failure to comply we are without jurisdiction to entertain the instant petition.

Opinion extended.

Application overruled.

SIMPSON, GOODWYN and MERRILL, JJ., concur.