120 So.2d 870

**BOARD OF COMMISSIONERS OF THE CITY OF MONTGOMERY et al.**

v.

**Files CRENSHAW et al.**

**3 Div. 895.**

Supreme Court of Alabama.

May 26, 1960.

———◆———

Walter J. Knabe and Rodney R. Steele, Montgomery, for appellants.

John C. Godbold, Godbold, Hobbs & Copeland, Montgomery, for appellees.

GOODWYN, Justice.

Appellees have moved to dismiss the appeal for failure of appellants to serve them with a copy of their brief within the time prescribed by the rules of this court. It is thus stated in the motion to dismiss:

"The time for filing brief of appellants, as extended by order of the Court entered on, to wit, the 31st day of December, 1959, expired on January 19, 1960.

"The brief of appellants was not delivered or mailed to one of the attorneys for appellees as required by Rule 11, Revised Rules of Practice in the Supreme Court. Said brief bears a certificate that it was mailed on January 19, 1960. In fact, on January 22, 1960, one of the attorneys for appellants notified the undersigned attorney for appellees that the brief had been delayed but was then in the mail on the way to the undersigned. Said brief was mailed on January 22, 1960, the envelope containing the same being postmarked at Montgomery, Alabama, at 11:30 a. m. on January 22, 1960. Said envelope is in the possession of the undersigned and will be turned over to the Court should the Court so desire. Said brief was received by the undersigned on the morning of January 23, 1960."

Appellants do not deny that the date of mailing their brief to counsel for appellees was after January 19, 1960, as recited in their certificate of service. In their answer to the motion to dismiss, appellants state that their brief was mailed on January 21, 1960. However, this was also after the time allowed for filing their brief. (In this connection, it should be noted that January 19, 1960, Robert E. Lee's Birthday, was a legal holiday in Alabama. Code 1940, Title 39, § 184, as amended. Accordingly, under the provisions of Supreme Court Rule 46, as amended, Code 1940, Tit. 7 Appendix, appellants had until January 20, 1960, to file their brief.)

The position taken by appellants is that appellees have not been prejudiced by the failure to timely serve the brief, and that "the hypertechnical aspect of this motion runs contrary to the very scheme of appellate procedure and the sense of this Court's rules."

Rules 11 and 44 provide as follows:

*Rule 11:* "Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

*Rule 44:* "Whenever any brief, notice, motion or other document is required by these rules to be served, such service may be made either personally or by mail, unless otherwise provided for. If made personally, it shall consist of delivery to a party or to his counsel, as the case may be; provided, however, personal service when made on counsel may consist of delivery, at the office of counsel, to counsel or a clerk therein. If by mail, it shall consist of depositing the same in a United States post office or mail box, with first class postage prepaid, addressed to counsel or the party, as the case may be, at his post office address."

The question presented is whether Rule 11 requires the service of a brief on opposing counsel within the time prescribed for filing the brief. While the rule does not say so in those words, the requirement in that respect seems obvious. A brief which is timely filed necessarily must contain a certificate that service of the brief has already been made. Clearly implicit in this is the requirement that service of the brief be made within the time allowed for filing the brief. Such is the effect of our holdings in the following cases: Bozeman v. State, 269 Ala. 610, 114 So.2d 914; Adkins v. State, 268 Ala. 548, 109 So.2d 749; Golden v. State, 267 Ala. 456, 103 So.2d 62; Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182; Bruner v. State, 265 Ala. 357, 91 So.2d 224. See, also, Thorpe v. State, Ala., 119 So.2d 222.[1] Cf. Tipton v. Tipton,

---

1. Ante, p. 434.

267 Ala. 64, 100 So.2d 14, where it was held that the filing of a brief by appellant within the time prescribed by Rule 12 of the Revised Rules of the Supreme Court is mandatory.

We have no alternative but to grant the motion.

Appeal dismissed.

LAWSON, STAKELY, MERRILL and COLEMAN, JJ., concur.

