125 So.2d 725

**Frank J. LINDSAY**

v.

**STATE of Alabama.**

**6 Div. 635.**

Supreme Court of Alabama.

Dec. 1, 1960.

Rehearing Denied Jan. 12, 1961.

Geo. E. Trawick, Birmingham, for petitioner.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., opposed.

LAWSON, Justice.

Frank J. Lindsay has filed in this court a petition for writ of certiorari to review and revise the opinion and judgment of the Court of Appeals which affirmed his conviction of bribery.

The State has filed a motion to strike the petition for writ of certiorari. Lindsay has filed an answer to the motion to strike.

There are grounds of the State's motion which take the point that the petition for writ of certiorari is insufficient to warrant consideration by this court for the reason that it does not appear upon the face thereof that an application was made to the Court of Appeals for a rehearing of the points or decision complained of, which rehearing was acted on adversely to Lindsay.

As pointed out by the State's motion, the petition for certiorari makes no reference whatsoever to an application for rehearing in the Court of Appeals. This in spite of the very plain language of Supreme Court Rule 39, Code 1940, Tit. 7 Appendix, which reads in part:

"This court will not in term time, nor will the justices thereof in vacation, receive or consider an application for the writ of certiorari * * * for the purpose of reviewing or revising any opinion or decision of the court of appeals, * * * unless it appears upon the face of the application therefor that application has been made to said court of appeals for a rehearing of the point or decision complained of, and that said application had been decided adversely to the movant * *."

**550**

We cannot ignore the clearly expressed requirements of Rule 39 set out above because counsel for petitioner was not well at the time the petition was dictated and it is on this ground alone that petitioner in his answer to the State's motion to strike seeks to be excused for noncompliance with the requirements of said rule.

Other grounds of the State's motion to strike take the point that the Attorney General was not served with a copy of petitioner's brief within fifteen days after action by the Court of Appeals on application for rehearing. Supreme Court Rules 11, 39, 44, Code 1940, Title 7, Appendix, Cum. Pocket Part; 261 Ala. XIX et seq.

Although it is not made to appear in the petition for the writ, it is shown otherwise that the Court of Appeals overruled Lindsay's application for rehearing on October 4, 1960. Fifteen days after that date expired at midnight October 19, 1960. On October 19th the attorney for petitioner manually delivered to the office of the Clerk of this court the petition for the writ of certiorari, which bears his certificate executed on October 19th to the effect that on that day he mailed to the Attorney General a copy of the petition and a copy of the supporting brief.

But it is established beyond peradventure that the brief was not mailed to the Attorney General until October 23, 1960. Thus the brief was not served on the Attorney General within the required time. Golden v. State, 267 Ala. 456, 103 So.2d 62; Cunningham v. State, 270 Ala. 731, 121 So.2d 890.

In view of the foregoing we have no alternative but to grant the State's motion to strike Lindsay's petition for writ of certiorari.

The petition for writ of certiorari is stricken.

Petition stricken.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.