170 So.2d 423

**Constance Dalphne BANKS et al.**

v.

**STATE of Alabama.**

**Wyman ALLEN et al.**

v.

**STATE of Alabama.**

7 Div. 670, 670-A.

Supreme Court of Alabama.

Dec. 10, 1964.

Arthur D. Shores, Birmingham, Norman C. Amaker and Jack Greenberg, New York City, for petitioners.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., opposed.

COLEMAN, Justice.

Petitioners filed in this court a joint application for certiorari to review decisions of the Court of Appeals. Copies of the application and brief were served on the circuit solicitor, but not on the attorney general, within fifteen days after the Court of Appeals overruled application for rehearing.

The state has filed motion to strike the application and brief because petitioners have not served copies thereof on the attorney general and the time allowed for service has expired. The motion to strike is due to be granted. Bruner v. State, 265 Ala. 357, 91 So.2d 224; Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182; Golden v. State, 267 Ala. 456, 103 So.2d 62; Adkins v. State, 268 Ala. 548, 109 So.2d 749; Bozeman v. State, 269 Ala. 610, 114 So.2d 914; Cunningham v. State, 270 Ala. 731, 121 So.2d 890.

It has been the consistent holding of this court that, without service of the brief on the attorney general within the time required, this court is without jurisdiction to proceed and a dismissal of the petition must be ordered. Adkins v. State, supra; Bozeman v. State, supra. For this reason, petitioners' motion for extension of time for filing brief must be denied. Without jurisdiction, this court has no power to extend the time. Neumiller v. Jenkins, 270 Ala. 231, 117 So.2d 402, cited by petitioners, does not apply. There, this court had acquired jurisdiction of the cause; here, the court has not acquired jurisdiction.

Motion denied.

Petition stricken.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.