· 190 So.2d 925

### STATE

v.

### A. C. HILL.

7 Div. 855.

Court of Appeals of Alabama.

Oct. 11, 1966.

William W. Rayburn, Dist. Atty., Gadsden, for appellant.

Richmond M. Flowers, Atty. Gen., for the State.

CATES, Judge.

The hearing below was on habeas corpus for extradition. Judgment discharged the petitioner.

## I.

We are quite nonplussed as to how this cause strayed into our curtilage in the first place. The judgment below reads in part:

"On this the 23rd day of June, 1966, comes the State by its District Attorney, and the Petition for Writ of Habeas Corpus in this cause having been heretofore, on February 23, 1966, submitted and taken under advisement by the Court; now, It being made to appear to the Court that the rendition warrant of the Governor of the State of Alabama has been recalled by said Governor, this cause is declared moot by the Court, and It is ordered and adjudged by the Court that the defendant Petitioner, A. C. Hill, be and he is hereby released and discharged from custody."

Moreover, the notice of appeal expressly refers to the foregoing recital in the judgment as to the withdrawal of the warrant.

25 Am.Jur., Habeas Corpus, § 74, reads:

"§ 74. Revocation of Warrant.—If the governor of an asylum state has revoked his warrant for the surrender of an alleged fugitive from justice, no inquiry can be made in a proceeding in habeas corpus in behalf of such fugitive as to the ground of such revocation, and the prisoner must, therefore, be discharged." —citing State ex rel. Nisbett v. Toole, 69 Minn. 104, 72 N.W. 53, 38 L.R.A. 224, and Work v. Corrington, 34 Ohio St. 64. See also 22 Am.Jur., Extradition, § 53.

Our statute expressly recognizes the existence of this power. Code 1940, T. 15, § 69, reads:

"§ 69. The governor may recall his warrant of arrest, or may issue another warrant whenever he deems proper."

■ The revocation of the rendition warrant does not appear of record. The testimony was taken February 23, 1966, and the cause taken under advisement. We must assume the revocation was exhibited informally.

We consider two principles support the trial judge in dismissing.

*First,* the revocation was analogous to a pardon exhibited to the court on allocutus after conviction: its effect—so far as habeas corpus was concerned—was to bar detention.

*Secondly,* we note that on habeas corpus applications practice admits of modes of proof less strict than prevails generally. See Hussey v. State, 87 Ala. 121, 6 So. 420.

## II.

■ We note that the District Attorney referred to the judgment recital in his appeal. However, he made no showing, e. g., by motion for new trial or by counter affidavit, to contest the existence of the revocation in the circuit court. See Grissett v. Birmingham, 27 Ala.App. 555, 176 So. 317.

Under Code 1940, T. 15, § 369, as amended, we review habeas corpus on appeal. The standards are:

" * * * The appellate court shall consider the case on the record and the evidence as set forth. If the judgment of the trial court is correct, the case shall be affirmed. If the judgment is erroneous, the appellate court shall render such judgment as the trial court should have rendered. * * * "—Subsection (d).

The action of revocation becomes a matter of public record either in the office of the Governor or of the Secretary of State. Therefore, we consider as an exception to the rule as to confessions of error,[1] that

---

1. See Strickland v. State, 40 Ala.App. 413, 115 So.2d 273; Birdsell v. State, 41 Ala. App. 418, 133 So.2d 692, construing Code

1940, T. 15, § 389; also Hutcheson, The Judicial Power, 37 Tex.L.Rev. 375, at 385-387.

here the Attorney General's motion to dismiss is to be taken as controlling.

■ The District Attorney's notice of appeal becomes functus officio once jurisdiction of this court attaches. Thereafter the Attorney General is leading counsel for the State.

In Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182, Simpson, J., writes:

"Petitioner advances the contention that under the statute governing appeals in habeas corpus cases such as the instant one, the State is not a proper party. The question has been decided adversely to this insistence. In State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306, 308, where the matter at issue was determination of whether or not the petitioner was entitled to discharge on requisition, it was observed that 'the controversy [was] between the State of Alabama and the petitioner.' * * *"

Again, in Bruner v. State, 265 Ala. 357, 91 So.2d 224:

"True, a copy of the petition for writ of certiorari and a copy of the brief in support thereof were served upon Hon. Blanchard McCloud, Solicitor of the 4th Judicial Circuit of Alabama, but he is not the attorney who represents the State in the Appellate Courts. This duty devolves upon the Attorney General. The pertinent statute provides that the Attorney General

"'* * * must attend, on the part of the state, to all criminal cases pending in the supreme court or the court of appeals, and to all civil suits in which the state is a party in the same courts. * *' § 228, Tit. 55, Code of 1940."

See also Michie's 1958 Code, T. 55, § 228 (2). Code 1940, T. 15, § 51, reads:

"§ 51. When a demand shall be made upon the governor of this state by the executive authority of another state for the surrender of a person so charged with crime, the governor may call upon the attorney general or any prosecuting officer in this state to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered."

The appeal accordingly is

Dismissed.