204 So.2d 147

**DEXTER SERVICE COMPANY, Inc.**

v.

**THAMES LUMBER AND MANUFAC-TURING COMPANY.**

3 Div. 184.

Supreme Court of Alabama.

Nov. 9, 1967.

Whitesell, Alton & DeMent, Montgomery, for appellant.

Rufus M. King, John F. Andrews and Capell, Howard, Knabe, & Cobbs, Montgomery, for appellee.

**452**

LIVINGSTON, Chief Justice.

Appellee has moved to dismiss the appeal for failure of appellant to serve the appellee with a copy of appellant's brief within the time prescribed by the rules of this Court. As grounds for dismissal the appellee states:

"The time for filing the brief of the appellant, as extended by Order of the Court, expired on July 21, 1965.

"The brief of Appellant was not delivered or mailed to one of the attorneys for the Appellee as required by Rule 11, Revised Rules of Practice in the Supreme Court. Said brief bears a certificate that it was deposited in the United States mail on the 21st day of July, 1965. Attached hereto and made a part hereof is the original of the envelope in which the brief of Appellant was mailed, the same bearing postmark of July 22, 1965."

Appellant admits in his answer to the motion that the time for filing the brief expired on July 21, 1965, and that the brief was not delivered to or mailed to counsel for appellee on July 21, 1965, although the certificate of service on the brief so recites, but was mailed on July 22, 1965.

Rule 11, provides as follows:

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

We believe the interpretation of Rule 11 in Board of Commissioners of the City of Montgomery et al. v. Crenshaw et al., 270 Ala. 598, 120 So.2d 870, governs this case. As was said in that case:

"The question presented is whether Rule 11 requires the service of a brief on opposing counsel within the time prescribed for filing the brief. While the rule does not say so in those words, the requirement in that respect seems obvious. A brief which is timely filed necessarily must contain a certificate that service of the brief has already been made. Clearly implicit in this is the requirement that service of the brief be made within the time allowed for filing the brief. Such is the effect of our holdings in the following cases: Bozeman v. State, 269 Ala. 610, 114 So.2d 914; Adkins v. State, 268 Ala. 548, 109 So.2d 749; Golden v. State, 267 Ala. 456, 103 So.2d 62; Gambrell v. Bridges, 266 Ala. 302, 96 So.2d 182; Bruner v. State, 265 Ala. 357, 91 So.2d 224. See, also, Thorpe v. State, [270 Ala. 434], 119 So.2d 222. Cf. Tipton v. Tipton, 267 Ala. 64, 100 So.2d 14, where it was held that the filing of a brief by appellant within the time prescribed by Rule 12 of the Revised Rules of the Supreme Court is mandatory."

We have no alternative but to grant the motion to dismiss.

Appeal dismissed.

All the Justices concur.