243 So.2d 388

**Oliver SKELTON and Clarence Swindle**

**v.**

**CITY OF TUSCALOOSA.**

**6 Div. 120.**

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

Richard A. Thompson, Tuscaloosa, for appellants.

Richard C. Shelby and J. Knox Argo, Tuscaloosa, for appellee.

ALMON, Judge.

This is an appeal from a trial de novo in the Circuit Court of Tuscaloosa County where appellants were convicted of violating a Tuscaloosa City Ordinance requiring them to wear protective helmets while driving motorcycles.

Appellee, the City of Tuscaloosa, has moved to dismiss this appeal because of appellants' failure to serve a copy of their brief on the City Attorney. According to the Certificate of Service in appellants' brief, a copy of their brief was served on the Attorney General of the State of Alabama rather than the City Attorney representing the City of Tuscaloosa.

Prosecutions under City Ordinance have long been deemed quasi-criminal in nature and on appeal to this Court are subject to the rules governing civil appeals. Alabama Digest, Municipal Corporations, ☞642(1).

It follows then that this appeal is governed by Supreme Court Rule 11, which is as follows:

"Each brief shall be signed by the party filing the same or his attorney and shall contain a certificate at the end thereof, signed by the party or his attorney, that a copy thereof has been delivered or mailed to one of the attorneys for the opposing party, if represented by counsel, or to the opposing party if not so represented and his address is known; and the certificate shall show the date of such delivery or mailing and the person to whom delivered or mailed."

Therefore, appellants' failure to serve appellee with a copy of their brief within the time prescribed requires dismissal of this appeal. Dexter Service Co. v..Thames Lumber & Mfg. Co., 281 Ala. 451, 204 So. 2d 147; Board of Com'rs of City of Montgomery v. Crenshaw, 270 Ala. 598, 120 So.2d 870.

Appeal dismissed.