842 So.2d 726 (2001)
Ex parte Tony FOUNTAIN.
(In re Tony Fountain
v.
State).
1991893.
Supreme Court of Alabama.
December 28, 2001.
*727 Tony Fountain, pro se.
Bill Pryor, atty. gen., and Jack W. Willis, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
This Court granted the defendant Tony Fountain's petition for a writ of certiorari to the Court of Criminal Appeals to determine whether his right to due process was violated by the State's failure to serve him with a copy of its appellee's brief on Fountain's appeal of the denial of his first Rule 32, Ala. R.Crim. P., petition and by the failure of the Court of Criminal Appeals to enforce his right to a copy of the State's brief and to accord him a fair opportunity to reply to it. We reverse and remand on that issue. The State has not sought certiorari review of the aspect of the judgment of the Court of Criminal Appeals affirming the trial court in its granting Fountain an out-of-time appeal.
On December 10, 1992, Fountain timely filed his first Rule 32 petition challenging his 1988 convictions for first-degree rape and second-degree kidnapping. Fountain raised several claims, including a claim of ineffective assistance of counsel. Holding that the petitioner's claims were procedurally barred by Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P., the trial court summarily dismissed that Rule 32 petition. Because Fountain did not receive notice of the dismissal of his petition, he did not timely appeal to the Court of Criminal Appeals. However, on September 20, 1999, he petitioned, in another Rule 32 petition, for an out-of-time appeal of the dismissal. Finding that, through no fault of Fountain's own, he had not received notice of the dismissal, the trial court granted him an out-of-time appeal. Fountain then appealed the dismissal of his 1992 Rule 32 petition to the Court of Criminal Appeals.
In his appellant's brief, served and filed on November 26, 1999, Fountain argued that the trial court had erred in summarily dismissing his Rule 32 petition without conducting an evidentiary hearing and without making specific findings of fact. In the appellee's brief, never served on Fountain, the State argued, first, that the trial court had erred in granting Fountain an out-of-time appeal of the dismissal of his first Rule 32 petition. Second, the State argued that the trial court had not erred in summarily dismissing Fountain's petition. The State contended that Fountain's claims were precluded and meritless. The State contended also that Fountain's *728 claims of ineffective assistance were bare allegations without evidentiary support. (State's appellee's brief, p. 8.)
On January 10, 2000, Fountain received a letter from the attorney general's office notifying him that the State had requested an extension of time to file its appellee's brief. On January 14, 2000, the State filed its appellee's brief. In its brief, the State certified that it had mailed a copy of the brief to Fountain at the following address: AIS # 118406 G-4D-247, 1000 St. Clair Road, Springville, Alabama, XXXXX-XXXX. That address, however, was not Fountain's correct address, which he had properly supplied in his appellant's brief as Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. Therefore, Fountain did not receive a copy of the State's appellee's brief.
On February 22, 2000, Fountain served and filed a reply brief stating that "the Appellee [the State] has yet to favor this Court with a brief in this matter, therefore procedurally defaulting [it] from filing and/or arguing any of the appellant's submitted facts set forth in the appellant's brief on appeal." (Fountain's Reply Brief on appeal to the Court of Criminal Appeals, pp. 2-3.) Therefore, Fountain argued, the Court of Criminal Appeals should accept the facts stated in his brief as true.
On March 19, 2000, Fountain sent the clerk of the Court of Criminal Appeals a letter requesting a copy of the State's brief and an update on the status of his case. The Court of Criminal Appeals docket sheet bears a notation that a docket clerk telephoned "Tracy" and requested, in a voice mail message, that she forward a copy of the State's brief to Fountain. (Page 2 of the Court of Criminal Appeals docket sheet, included with materials in support of Fountain's petition for certiorari review.) The docket sheet bears a further notation that "Tracy called on April 26, 2000, and said appellant had filed a reply brief indicating he received appellee's brief." (Page 2 of the Court of Criminal Appeals docket sheet.) Tracy's call ignores the content of Fountain's reply brief, which specifically complains of his not receiving the State's brief. Perhaps Tracy was relying on a docket entry noting the filing of Fountain's reply brief rather than on the reply brief itself.
On April 28, 2000, in an opinion, the Court of Criminal Appeals affirmed the judgment of the trial court denying Fountain's first Rule 32 petition. Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000). However, the Court of Criminal Appeals, holding that a Rule 32 petitioner has a right to an out-of-time appeal if the petitioner, through no fault of his own, has been unable to file a timely appeal, 842 So.2d at 723-24, also affirmed the trial court's order granting Fountain the out-of-time appeal pursuant to his second Rule 32 petition.
The opinion of the Court of Criminal Appeals did not address whether Fountain had received a copy of the State's appellee's brief. Rather, the opinion addressed the arguments advanced by the State in its appellee's brief and by Fountain in his appellant's brief. The Court of Criminal Appeals held that Fountain's claims of trial court error were precluded from review because they could have been raised at trial and on direct appeal. Rule 32.2(a)(3) and (a)(5), Ala. R.Crim. P. The Court of Criminal Appeals held further that Fountain's claims of ineffective assistance of counsel were mere assertions and conclusory statements of law. The Court of Criminal Appeals concluded that Fountain was not entitled to an evidentiary hearing on his claims of ineffective assistance of *729 counsel because he had not pleaded sufficient supporting facts.
On May 10, 2000, Fountain filed an application for rehearing and a Rule 39(k), Ala. R.App. P.,[1] motion. Two days later, the State filed an application for rehearing. The State's application for rehearing certified that a copy of the application and accompanying brief had been mailed to Fountain at his correct prison address, AIS # 152157, Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. However, Fountain maintains that he never received a copy of the State's application for rehearing and brief.
By letter filed on May 15, 2000, the State moved to withdraw its application for rehearing. Fountain acknowledges that he received a copy of this letter. On the ground that he had not received a copy of the State's application for rehearing itself, however, he opposed the State's motion to withdraw it. Nonetheless, on May 17, 2000, the Court of Criminal Appeals granted the State's motion to withdraw its application for rehearing.
After the Court of Criminal Appeals denied Fountain's application for rehearing and Rule 39(k), Ala. R.App. P., motion, he petitioned this Court of a writ of certiorari. He argues that his right to due process was violated by the State's failure to send him a copy of its response brief on appeal and a copy of its application for rehearing. He specifically claims that his right to due process was violated because he was deprived of "`the opportunity to present evidence and argument ... to the claims of the opposing party with a reasonable opportunity to controvert them.'" (Petition, p. 5, quoting Ex parte Weeks, 611 So.2d 259 (Ala.1992)).
We first observe that Fountain's claim that his right to due process was violated because he did not receive a copy of the State's application for rehearing, is moot because the State's application for rehearing was withdrawn within five days of its being filed. Nevertheless, Fountain's claim that his right to due process was violated because he did not receive a copy of the State's appellee's brief is properly before this Court.
"[P]rocedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one's life, liberty, or property interest are about to be affected by governmental action." Brown's Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So.2d 226, 228 (Ala.1992).
"Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them."
Ex parte Weeks, 611 So.2d at 261 (emphasis added). Rule 31(a) of the Alabama Rules of Appellate Procedure provides, in pertinent part, that in all criminal cases:
"[T]he appellant shall serve and file the appellant's brief within 28 days (4 weeks) after the date shown on the copy of the certificate of completion of the record on appeal.... The appellee *730 shall serve and file the appellee's brief within 21 days (3 weeks) after the filing of the brief of the appellant in the appellate court.... The appellant may serve and file a reply brief within 14 days (2 weeks) after the filing of the brief of the appellee in the appellate court."
(Emphasis added.) As early as 1933, the Alabama Court of Appeals held that, when an appellant fails to comply with procedural rules by failing to serve the appellee with a copy of the appellant's brief on appeal, the appellate court cannot consider the arguments made by the appellant and must affirm the judgment of the lower court. Dollahite-Levy Co. v. Overton, 25 Ala.App. 421, 147 So. 689 (1933). See also Cunningham v. State, 270 Ala. 731, 121 So.2d 890 (1960); and Bruner v. State, 265 Ala. 357, 91 So.2d 224 (1956)(holding that, if a petitioner fails to serve the opposing party with a copy of his petition for the writ of certiorari and his supporting brief, nothing is properly before the appellate court for its consideration). The reason for these holdings applies equally to both (or all) sides.
"Both the Alabama and United States Constitutions protect a citizen of this state from being deprived of life or liberty without `due process of law.' The phrase `due process of law,' although incapable of a precise definition, in its most basic sense encompasses the observation of that degree of fundamental fairness that is essential to our concept of justice."
Ex parte Frazier, 562 So.2d 560, 565 (Ala. 1990) (citations omitted). Rule 31, Ala. R.App. P., requiring that each party's brief or briefs be served on each other party, is formulated to achieve precisely the goal of fundamental fairness that is the essence of due process. An appeal is a debate between the parties to the appeal. That debate is hardly fair if either party presents that party's arguments ex parte, so that the opponent cannot know what to answer, and if the appellate court considers those ex parte arguments and decides the appeal without affording the opponent a fair opportunity to respond. Rather, each party is due "information as to the claims of the opposing party, with reasonable opportunity to controvert them," Ex parte Weeks, supra, as Rule 31 provides. The requirement for appellate due process in the serving of briefs transcends the merits of the appeal.
In the case before us, even though Fountain supplied his correct address in his appellant's brief, the State, responding to that very brief, used a different and incorrect address for service on Fountain. The Court of Criminal Appeals, fully on notice that Fountain had not received the State's brief, proceeded to decide the appeal adversely to Fountain, without affording him his due process right to know the State's arguments in order to formulate the reply Rule 31 allows him.
For this denial of appellate due process, that aspect of the judgment of the Court of Criminal Appeals affirming the denial of Fountain's Rule 32 petition must be reversed, although we affirm that aspect of the judgment of the Court of Criminal Appeals affirming the grant of the out-of-time appeal. As to the reversed aspect of the judgment of the Court of Criminal Appeals, the case will be remanded with instructions for that court to require that the State serve a copy of its brief on Fountain; to afford Fountain 14 days after such service to file a revised reply brief; and to consider anew the issues on appeal except for the issue of the propriety of the out-of-time appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH *731 INSTRUCTIONS.[*]
HOUSTON, SEE, LYONS, HARWOOD, and STUART, JJ., concur.
MOORE, C.J., and BROWN and WOODALL, JJ., concur in the result in part and dissent in part.
WOODALL, Justice (concurring in the result in part and dissenting in part).
I would quash the writ of certiorari as improvidently granted. I concur in the result with respect to affirming that aspect of the judgment of the Court of Criminal Appeals that affirmed the grant of the out-of-time appeal. However, I dissent with regard to reversing the judgment of the Court of Criminal Appeals insofar as it affirmed the denial of Fountain's Rule 32 petition.
MOORE, C.J., and BROWN, J., concur.
NOTES
[1] Rule 39, Ala. R.App. P., was amended effective May 19, 2000, as to death-penalty cases, and August 1, 2000, as to all other cases. The provisions relating to the statement of facts are now found at Rule 39(d)(5).
[*] Note from the reporter of decisions: On May 24, 2002, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion. On June 21, 2002, the Court of Criminal Appeals denied rehearing, without opinion. On August 16, 2002, the Supreme Court denied certiorari review, without opinion (1011896).