COBB, Judge,
dissenting.
The majority affirms the trial court’s summary denial of the Rule 32, Ala. R.Crim.P., petition for postconviction relief Ingram filed in 2002. I do not believe the merits of the trial court’s order should be reviewed at this time, because of disturbing elements in the procedural history of the case and in the order itself. I believe the better result at this point, while the case is still in the state appellate courts and not yet in the federal courts to which this case will inevitably proceed, would be to remand the case for the judge before whom the case was tried to consider Ingram’s petition.
The majority notes in its opinion that Judge Jerry Fielding, who presided over Ingram’s trial in 1995, retired while the Rule 32 proceedings were pending and that the case was assigned to Judge Wil *1118 liam Hollingsworth. Judge Fielding took no action on any of the motions filed by either party. Judge Hollingsworth issued two rulings. On June 8, 2004, just 19 days after the State filed a proposed order denying Ingram’s petition, Judge Hollings-worth signed the proposed order without changing anything the State had written. On July 21, 2004, Judge Hollingsworth issued his second order, which stated, in pertinent part:
“This matter coming to be heard upon the Petitioner’s Motion for Reconsideration filed July 16, 2004, and the same being duly considered and understood, the Court finds that said Motion for Reconsideration is well taken.
“For cause shown, it is therefore ORDERED that the Court’s Order dated June 8, 2004[,] dismissing the Defendant’s first amended Rule 32 Petition is hereby vacated, set aside and held for naught.
“Further, the undersigned does hereby recuse himself from further matters in this case.”
(C. 279.)
The majority correctly states in footnote 2 of its opinion that Judge Hollingsworth’s July 21, 2004, order setting aside the summary dismissal was a legal nullity. Ingram’s motion to reconsider was untimely, and the trial court had already lost jurisdiction when Judge Hollingsworth attempted to set aside the summary dismissal and reinstate the Rule 32 proceedings. Nonetheless, the substance of that order causes me great concern, especially in light of a basic flaw in the order summarily dismissing Ingram’s Rule 32 petition.
The State’s proposed order dismissing Ingram’s Rule 32 petition, which Judge Hollingsworth signed and which remains the final order in this case, states that it is based on “events within the personal knowledge of the Court,” and it states: “[TJhis Court presided over Ingram’s capital murder trial and personally observed the performance of both lawyers throughout Ingram’s trial and sentencing.” (C. 207.) Of course, this statement is incorrect because Judge Fielding, not Judge Hollingsworth, presided over Ingram’s trial. To the extent the findings and conclusions in the State’s proposed order, which Judge Hollingsworth signed, are based on his supposed recollections from the trial proceedings, those portions of the order cannot stand. Furthermore, Judge Holl-ingsworth later attempted to set aside the summary dismissal that he effected by signing the State’s inaccurate proposed order. Although the order setting aside the summary dismissal was untimely and Judge Hollingsworth no longer had jurisdiction when he entered that order, it serves as a strong indication that Judge Hollingsworth believed that he had erred initially, when he signed the State’s proposed order, and that he wanted to correct the error.
I am aware that this case has lingered in postconviction proceedings and that the proverbial wheels of justice have turned slowly in this case. However, the proper response to such concerns is not to deny the fundamental due-process rights to which all defendants are entitled. If we deny Ingram due process, the rule of law becomes meaningless to us all, and the entire judicial system and all of its participants suffer.
The Alabama Supreme Court has discussed the importance of due-process rights:
“‘Both the Alabama and United States Constitutions protect a citizen of this state from being deprived of life or liberty without “due process of law.” The phrase “due process of law,” although incapable of a precise definition, in its most basic sense encompasses the observation of that de *1119 gree of fundamental fairness that is essential to our concept of justice. ’
“Ex parte Frazier, 562 So.2d 560, 565 (Ala.1990) (citations omitted).”
Ex parte Fountain, 842 So.2d 726, 730 (Ala.2001)(emphasis added).
The Court in Ex parte Fountain further stated:
“ ‘[Procedural due process, protected by the Constitutions of the United States and this State, requires notice and an opportunity to be heard when one’s life, liberty, or property interest are about to be affected by governmental action.’ Brown’s Ferry Waste Disposal Ctr., Inc. v. Trent, 611 So.2d 226, 228 (Ala.1992).
“ ‘Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them.’
“Ex parte Weeks, 611 So.2d [259,] 261 [(Ala.1992)] (emphasis added [in Weeks ]).”
Ex parte Fountain, 842 So.2d at 729.
Based on the record before us, I can only conclude that those “rudimentary requirements of fair play” have been violated and that Ingram was denied his fundamental right to due process. This Court has the opportunity to correct this error now; it should do so rather than pass the flawed case on to the next level of review. The order summarily dismissing Ingram’s post-conviction claims contains obvious errors, and the trial judge who signed that order subsequently attempted to set it aside. The case has been reassigned to Judge Fielding, who presided over Ingram’s trial and who was appointed to hear this case when Judge Hollingsworth recused. This Court should seize the opportunity to set aside the flawed order and remand this case so that Judge Fielding can review the pleadings, rule on motions that were never ruled on, and hold a hearing if necessary. The final order Judge Fielding enters can then be reviewed by this Court. Ingram will then have received the fundamental due process to which he is entitled, and the integrity of the postconviction process in this case will have been restored. Our system of justice demands nothing less, and this Court should not hesitate to provide it now.
For the foregoing reasons, I dissent.