This is an appeal from the denial of a Rule 20 petition, A.R.Crim.P. (Temp.), 20. The record reveals that Bennie Patterson filed a Rule 20 petition on January 13, 1988. An evidentiary hearing was held on February 19, 1988, and the petition was denied on May 17, 1988. Notice of appeal was filed on July 14, 1988. The record refers to, but does not contain, a "Motion to Reconsider/Motion for New Trial" which was denied on June 7, 1988.
The record indicates that the petitioner's notice of appeal was filed 57 days after the denial of his Rule 20 petition. Therefore, the notice of appeal was untimely. A.R.Crim.P. (Temp) 20.10; A.R.A.P. 4. Although there is an order in the record denying the petitioner's "Motion to Reconsider/Motion for New Trial," this court is unable to examine the motion, as it does not appear in the record. An appellate court is not required to review matters which are not contained in the record. *Page 636 Fuller v. State, 472 So.2d 452 (Ala.Cr.App. 1985); Hollins v.State, 415 So.2d 1249 (Ala.Cr.App. 1982). Even if the motion was included in the record, however, it would not matter, because such a motion does not toll the time for perfecting an appeal.
This court has previously held that a motion to reconsider the dismissal of a Rule 20 petition does not fall within the category of motions that toll the time for appeal under the Alabama Rules of Appellate Procedure. Conley v. State,545 So.2d 246 (Ala.Cr.App. 1989). See also State v. Reiner,530 So.2d 903 (Ala.Cr.App.), cert. denied, (Ala. 1988) (motion to reconsider does not toll time period for filing notice of appeal in pretrial appeals by the State). Neither the Alabama Rules of Criminal Procedure nor the Alabama Rules of Appellate Procedure provide a procedure for suspending the time for appeal upon the filing of a motion to reconsider the denial of a Rule 20 petition.
Although the petitioner apparently entitled this motion "Motion to Reconsider/Motion for New Trial," simply declaring a document to be a motion for new trial does not toll the time for appeal. See Tuscaloosa City Board of Education v.American/Owens, Inc., 486 So.2d 405 (Ala. 1986) (a motion is considered according to its substance and not its label).
Rule 13(a)(2) of the Alabama Rules of Criminal Procedure (Temp.) states that a motion for new trial "must be filed no later than 30 days after sentence is pronounced." (Emphasis supplied.) The language of the rule clearly does not contemplate the filing of a motion for new trial after the denial of a Rule 20 petition. The substance of the petitioner's motion was also more realistically a motion for reconsideration and not a motion for new trial as contemplated by the Alabama Rules of Criminal Procedure (Temp.). Furthermore, Rule 20 provides for a complete adjudication of claims brought pursuant to that rule. The rule provides that a decision by the circuit court on a Rule 20 petition may be appealed to this court according to the procedures of the Alabama Rules of Appellate Procedure. See A.R.Crim.P. (Temp.) 20.10. The rule does not contain any procedure for filing post-judgment motions such as the motion that was apparently filed by this petitioner.
Based on the above principles, we find that this appeal is due to be dismissed. The record reveals that the notice of appeal was filed more than 42 days after the denial of the Rule 20 petition at issue. Furthermore, even if the appellant filed a "Motion to Reconsider/Motion for New Trial," such a motion does not toll the time for perfecting an appeal under the circumstances of this case. An appeal must be dismissed if the appeal is not timely filed, and an appellate court may not extend the time for filing notice of appeal. A.R.A.P. 2(a)(1); 2(b). Therefore, this appeal is hereby dismissed.
APPEAL DISMISSED.
All the Judges concur.