BOWEN, Presiding Judge.
John Lewis Harris pleaded guilty to and was convicted of theft in the first degree and was sentenced to life imprisonment as a habitual felony offender. The appellant has failed to file a brief on appeal.
The appellant filed a pro se notice of appeal. The record before this Court indicates that the appellant is indigent, that the appellant was represented in circuit court by appointed trial counsel, that there is no order allowing defense counsel to withdraw, and that there is nothing in the record showing that the appellant either requested self-representation or has knowingly, intelligently, and voluntarily waived his right to counsel. “If the record is not clear as to the defendant’s waiver and request of self-representation, the burden of proof is on the State.... Presuming a waiver from a silent record is impermissible.” Tomlin v. State, 601 So.2d 124, 128 (Ala.1991).
Therefore, this cause is remanded to the trial court with directions that that court make a determination of whether the appellant has expressly waived his right to appellate counsel. If the trial court determines that the appellant has not waived his right to counsel, that court shall appoint counsel to represent the appellant on this appeal. In that event, appellate counsel shall have 28 days from the date of appointment to file a brief in this Court. The trial court shall file written findings with this Court within 30 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
Ml Judges concur.