BOWEN, Presiding Judge.
Clyde Douglas Cook filed a pro se notice of appeal from the denial of his petition for post-conviction relief. However, he has failed to file a brief with this Court.[1] This appeal is therefore dismissed pursuant to Rule 2(a)(2)(A), A.R.App.P. See Culver v. State, 583 So.2d 1356, 1857 (Ala.Cr.App.1991).
APPEAL DISMISSED.
All Judges concur.

. Rule 32.7(c), A.R.Crim.P., provides that the trial court Is to appoint counsel for an indigent petitioner "[i]f the court does not summarily dismiss the petition ... and it further appears that counsel is necessary to assert or protect the rights of the petitioner.” The trial court in this case appointed counsel to represent the appellant, although it does not appear that such an appointment was warranted under Rule 32.7(c). While it does not appear that an evidentiary hearing was held on the appellant’s petition, the case action summary contains the following entry for May 21, 1993:
"Defendant’s attorney ... appearing before the court on behalf of Defendant’s Rule 32 petition, and after due consideration, it is the opinion of this court that said petition is successive and Defendant raises no new issues, therefore Defendant’s Rule 32 [petition] is due to be denied and it is hereby denied.” C.R. 1.
There is nothing in the record to indicate that appointed counsel requested permission to withdraw prior to this appeal. However, the notice of appeal was clearly filed by the appellant pro se, as was the docketing statement filed in this Court on August 2, 1993. Because "[t]here is no constitutional right to an attorney in state post-conviction proceedings,” either in the trial court or on appeal, Coleman v. Thompson, 501 U.S. 722, -, -, 111 S.Ct. 2546, 2566, 2568, 115 L.Ed.2d 640 (1991), we need not remand this cause for a determination of whether the appellant intelligently waived this right. Compare, e.g., Harris v. State, [Ms. CR 92-675, May 28, 1993] 1993 WL 179892 (Ala.Cr.App.1993) (where no brief was filed on direct appeal (where indigent defendant does have right to counsel, Douglas v. California, 311 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)), and there was no indication that appointed trial counsel had been permitted to withdraw and there was "nothing in the record showing that the appellant either requested self-representation or ... knowingly, intelligently, and voluntarily waived his right to counsel,” cause was remanded to trial court for determination of whether appellant had waived such right).