In an out-of-time appeal granted by the circuit court, Tony Fountain appeals from the circuit court's 1996 dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The question whether Rule 32, Ala.R.Crim.P., permits an out-of-time appeal from the denial of a petition for post-trial relief is a matter of first impression in the State of Alabama.
Fountain's petition challenged his November 15, 1988, convictions for rape in the first degree and kidnapping in the second degree. On direct appeal, we affirmed Fountain's convictions. Fountain v. State,598 So.2d 1026 (Ala.Cr.App. 1992). Fountain filed a Rule 32 petition for post-conviction relief on December 10, 1992, raising several allegations of error during the trial, allegations of ineffective assistance regarding an attorney who was briefly appointed to represent Fountain, but who withdrew before trial, and the following allegations of ineffective assistance of the trial defense counsel:
 1. Counsel "failed to investigate the case and the applicable law and failed to interview or subpoena a witness who was present in the car with Fountain on the night of the kidnapping and rape;"
 2. Counsel "failed to subpoena the doctor or nurse that examined the victim at the hospital and failed to subpoena the victim's medical records, which may have disclosed the presence or absence of any signs of physical violence or signs of forcible penetration;"
 3. Counsel "failed to interview, investigate, or impeach state witnesses;"
 4. Counsel "failed to object to prosecutor's leading questions;"
 5. Counsel "improperly asked the trial court to conduct a post-trial hearing, pursuant to Rule 10(f), Ala.R.App.P., at which the trial court corrected an improper sentence as to the kidnapping count, and then failed to object to the trial court's correcting the sentence at that hearing;"
 6. Counsel "failed to admit a tape of the preliminary hearing into evidence at trial;"
 7. Counsel "failed to advise Fountain of his constitutional rights guaranteed him by the Sixth Amendment;"
 8. Counsel "failed to subpoena the rape victim's school records and failed to investigate into the victim's reputation as to chastity, failed to discover the identity of the victim's boyfriend, and, if there was such a person, failed to call him as a witness so that he could testify that the victim was at his house the night of the rape;"
 9. Counsel "failed to object to the court's reasonable doubt instruction;"
 10. Counsel "failed to establish and maintain the requisite confidential relationship with Fountain, failed to properly prepare Fountain for his testimony at trial, and failed to inform Fountain of the state's motion to consolidate the charges for trial;"
 11. Counsel "failed to provide Fountain with a complete transcript of the trial (the jury strike list was missing);"
 12. Counsel "failed to challenge the indictment on a lesser included offense;"
 13. Counsel "failed to object to the prosecution's suppression of the *Page 721 
evidence which should have been raised on pre-trial motion, or at trial, or on direct appeals;" and
 14. Counsel "failed to object to the court's contaminating, by extraneous influence, the jury's deliberations."
The circuit court eventually dismissed Fountain's petition on March 21, 1996, stating:
 "Petitioner filed a timely Rule 32 asserting that certain constitutional rights were violated. Fountain claims that the pretrial line-up procedures employed by the Montgomery Police Department were unconstitutional, that he was given ineffective assistance of counsel, that the Court failed to notify the petitioner and counsel of the numerical division of the jury, that there was insufficient evidence, that there was improper consolidation, and that counsel did not inform petitioner of consolidation which resulted in ineffective assistance of counsel.
 "The petitioner's allegations are precluded based on Rules 32.2(2), 32.2(3), and 32.2(5), A.R.Crim.P., because the issues were not raised and addressed at trial, and could have been raised on appeal but were not raised.
 "Based on the foregoing, it is ordered that the Respondent's Motion to Dismiss and/or Answer to Amended Petition is due to be and is hereby granted."
(C. 130.)
On September 20, 1999, Fountain filed a Rule 32 petition for postconviction relief, alleging that he was entitled to an out-of-time appeal of the 1996 dismissal of his first petition. On November 4, 1999, the circuit court granted Fountain an out-of-time appeal, ruling that, because Fountain was never notified of the 1996 dismissal of his petition, his failure to timely appeal from that dismissal was through no fault of his own.
 I.
The State argues that Rule 32, Ala.R.Crim.P., does not provide for an out-of-time appeal from a circuit court's denial of post-conviction relief and asks that we dismiss Fountain's appeal. The State cites as authority an unpublished memorandum of this court issued in Ho v. State, [Ms. CR-98-2469, December 3, 1999], 796 So.2d 461 (Ala.Crim.App. 1999) (table), in which this court concluded that, while Rule 32.1(f), Ala.R.Crim.P., provides a means of seeking an out-of-time appeal of a conviction or sentence, it does not provide a means of seeking an out-of-time appeal of the denial of a Rule 32 petition. An unpublished memorandum has no precedential value. Rule 54(d), Ala.R.App.P.; Ex parteHugley, 731 So.2d 634 (Ala. 1999). Rule 32.1, in pertinent part, reads:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original jurisdiction to secure appropriate relief on the ground that:
". . . .
 "(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part."
(Emphasis added.)
A plain reading of Rule 32, Ala.R.Crim.P., reveals that the Alabama Rules of Criminal Procedure do not specifically provide for an out-of-time appeal from the denial of a Rule 32 petition, neither do the Rules specifically prohibit such relief. However, Rule 1.2 of the Alabama Rules of Criminal Procedure provides the following:
 "These rules are intended to provide for the just and speedy determination of every criminal proceeding. They shall be construed to secure simplicity in *Page 722 
procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of individuals while preserving the public welfare."
While there is no caselaw that directly addresses the issue, there is caselaw in which Alabama appellate courts have interpreted the Alabama Rules of Criminal Procedure in such a way as to protect the rights of individuals and to assure fairness in the administration of our judicial process.
In Ex parte A.D.R., 690 So.2d 1208 (Ala. 1996), the Alabama Supreme Court reversed this court's holding that Rule 32 afforded no mechanism for a court to consider a claim of ineffective assistance of counsel arising from a juvenile transfer hearing, because such a hearing was not a "conviction." Using the same rationale it later reiterated in Ho, this court determined that the language of Rule 32.1 limited the application of Rule 32 to "any defendant who has been convicted of a criminal offense." The Supreme Court wrote:
 "Neither the Alabama Rules of Criminal Procedure nor the Alabama Rules of Juvenile Procedure address the question of how a court may consider a juvenile's claims of ineffective assistance of counsel in regard to the transfer hearing, where no appeal is taken. The petition for the writ of error coram nobis has historically been available for a criminal defendant to raise allegations of ineffective assistance of counsel. Thompson v. State, 525 So.2d 820 (Ala. 1985). . . . Rule 32, Ala.R.Crim.P., incorporates the procedure for filing what was classified under prior practice as a petition for the writ of error coram nobis. See H. Maddox, Alabama Rules of Criminal Procedure, § 32.0 at 782 (1990). Because no other procedure is provided by our procedural rules, A.D.R. has raised the issue of ineffective assistance of counsel by the use of Rule 32, which incorporated the petition for the writ of error coram nobis. At this point we are faced with either allowing A.D.R. to use Rule 32 to raise the issue of ineffective assistance of counsel in regard to the transfer hearing, or requiring him to await trial and, if convicted, raise it on appeal of the conviction or by a Rule 32 petition. . . . It would be a waste of time and money for the circuit court to try him as an adult and then, if he is convicted, for the appellate courts to reverse because he had been provided ineffective of counsel.
". . . .
 "Justice requires that we reverse the judgment of the Court of Criminal Appeals and remand this case with instructions to allow an out-of-time appeal of the transfer order."
Ex parte A.D.R., 690 So.2d at 1209.
This same sense of what justice requires under certain circumstances led the circuit court to allow Fountain an out-of-time appeal of its denial of postconviction relief. The circuit court noted in its order:
 "The Court has reviewed the record and finds that Petitioner has proven, by a preponderance of the evidence, that he did not receive a copy of the March 21, 1996, order in time to file a timely appeal. The Court further finds that failure to appeal the order of March 21, 1996, was without fault on the part of Petitioner.
 "This Court has not been able to locate any Alabama cases addressing whether one can be granted an out-of-time appeal for failure to appeal a post-conviction Rule 32 order where the petitioner is without fault. It is clear that a Rule 32 petition is the proper means to raise failure to appeal a direct appeal or *Page 723 
revocation order within the prescribed time. And this Court is of the opinion that the same reasoning should be applied to a post-conviction order denying relief."
(C. 191-92.)
We find a similar rationale in the Alabama Supreme Court's decision Exparte Weeks, 611 So.2d 259 (Ala. 1992). In Weeks, the Supreme Court reversed this court's denial of a petition for a writ of mandamus asking this court to order the circuit court to reinstate a de novo appeal of a district court conviction. According to the facts in Weeks, the petitioner had appealed to the circuit court from a district court conviction. After he repeatedly telephoned the circuit court clerk's office asking for the date his case would be heard, the clerk's office told him not to call again, that he would be mailed the notice of his court date. The petitioner left his address with the clerk's office and complied with its instructions. Months later, he discovered his appeal had been dismissed because he did not appear in court. According to the petitioner, the clerk's office had mailed the notice of his court date to an outdated address. In determining that justice required that the appeal be reinstated, the Supreme Court wrote:
 "Procedural due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901, broadly speaking, contemplates the rudimentary requirements of fair play, which include a fair and open hearing before a legally constituted court or other authority, with notice and the opportunity to present evidence and argument, representation by counsel, if desired, and information as to the claims of the opposing party, with reasonable opportunity to controvert them. . . . Although it is generally held in Alabama that a party is under a duty to follow the status of his case, whether he is represented by counsel or acting pro se, and that, as a general rule, no duty rests upon either the court or the opposing party to advise that party of his scheduled trial date, see the cases collected at 18A Ala. Digest Trial § 9(1) (1956), a party's right to procedural due process is nonetheless violated if he is denied his day in court because the court, acting through its clerk, assumed the duty of notifying that party of his scheduled trial date and then negligently failed to do so.
 "The circuit court's dismissal of [petitioner's] appeal, on the facts presented, lacked one of the fundamental attributes of a fair judicial proceeding — the opportunity for all of the parties to be heard — and could never be upheld where justice is fairly administered. Because the sole object and only legitimate end of state government (including the judicial branch of state government) is to protect the citizen in the enjoyment of life, liberty, and property, it would surely amount to `usurpation and oppression' by this state's judicial branch of government if this branch failed to recognize [the petitioner's] right to procedural due process and he was not afforded his day in court. Article I, § 35, Ala. Const."
Weeks, 611 So.2d at 261-62 (citations omitted).
There can be no doubt that had Fountain received timely notice from the circuit court that his petition for postconviction relief had been denied without an evidentiary hearing, he would have been entitled to appeal the circuit court's decision to this court. The circuit court properly concluded that Fountain did not receive timely notice of the court's decision, through no fault of his own. We therefore believe that, under these circumstances, to *Page 724 
deny Fountain the opportunity to seek an out-of-time appeal of the circuit court's denial of postconviction relief, solely because the Alabama Rules of Criminal Procedure do not specifically provide such a procedure, would be to deny Fountain his right to procedural due process and would not be a fair administration of justice. Our sense of fundamental fair play requires us to recognize a petitioner's right to petition a circuit court for an out-of-time appeal pursuant to rule 32.1(f), Ala.R.Crim.P., of that court's denial of postconviction relief when the petitioner has been denied the ability to file a timely appeal because of a mistake by the circuit court. Article I, § 35, Alabama Constitution of 1901. Our holding is limited to those cases where, as here, the circuit court recognizes that it was the fault of the court that the petitioner was unable to perfect a timely appeal. In coming to this conclusion, we adopt the cautionary language of the Alabama Supreme Court in Ex parte A.D.R.:
 "The facts of this case indicate a need to amend . . . the Alabama Rules of Criminal Procedure to designate the procedure to be followed in a fact situation such as this. Until our procedural rules are amended to deal specifically with this problem, this opinion should serve to remind [circuit judges of the duty to serve a petitioner with timely notice of the court's decision denying a petition for postconviction relief or dismissing the petition.]"
A.D.R., 690 So.2d at 1209-10.
We will therefore address the issues Fountain raises in his out-of-time appeal.
 II.
On appeal, Fountain argues that the circuit court erred in dismissing the ineffective-assistance-of-counsel claims on grounds that they are precluded; that the circuit court erred in not holding an evidentiary hearing; that the circuit court erred in not stating specific reasons for its denial of relief; and that he presented meritorious claims of ineffective assistance of counsel.
We agree with the circuit court that the issues regarding the trial court's errors at trial were precluded because they were either raised at trial, or could have been raised at trial or on direct appeal and were not. Rule 32.2(2)(a), (3) and (5), Ala.R.Crim.P.
Fountain argues that the circuit court erred in dismissing the ineffective-assistance-of-counsel claims on the preclusion grounds set out in 32.2(2)(a), (3) and (5). Fountain points out that, because he had the same attorney for trial and on direct appeal, this Rule 32 petition was the first opportunity he had to raise ineffective-assistance-of-counsel claims. On that point Fountain is correct. However, a review of Fountain's claims of ineffective assistance of counsel show that these claims were mere assertions and conclusory statements that counsel had been ineffective. To prevail on a claim of ineffective assistance of counsel, Fountain must prove (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668
(1984). Rule 32.6, Ala.R.Crim.P., provides that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Fountain's petition did not meet this requirement. Thus, this series of claims of ineffective assistance were due to be dismissed.Grayson v. State, 675 So.2d 516 (Ala.Crim.App. 1995). Likewise, the allegations of ineffective assistance of counsel made against an appointed counsel who withdrew and who was *Page 725 
then replaced by another appointed counsel before trial were properly dismissed because, not only were these allegations not sufficiently pleaded in the petition, but they were also irrelevant to the case at hand. Fountain did not even allege how the effectiveness of an attorney who did not represent him at trial could have been so deficient that it prejudiced him at trial. See Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987). "[W]here the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial." Long v. State, 675 So.2d 532, 533 (Ala.Crim.App. 1996).
Fountain also claims that he was entitled to an evidentiary hearing on his petition. Because the issues raised in his petition were not sufficiently pleaded, or were precluded from review, Fountain was not entitled to an evidentiary hearing. Alderman v. State, 647 So.2d 28, 35
(Ala.Crim.App. 1994). Regarding Fountain's argument that the circuit court erred in not making specific findings in its order dismissing the petition, we note that in Fincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998) we held that the circuit court need not make specific findings of facts when it summarily denies a Rule 32 petition.
In his brief to this court, Fountain restates his claims of ineffective assistance of counsel, makes additional allegations of ineffective assistance against trial counsel and, for the first time, makes allegations of ineffective assistance of counsel against his appellate counsel. This court will not consider allegations of ineffective assistance raised for the first time on appeal. Ex parte Jackson,598 So.2d 895, 897 (Ala. 1992).
Accordingly, we affirm the circuit court's denial of Fountain's Rule 32 petition.
AFFIRMED.
LONG, P.J., and FRY, J., concur. BASCHAB, J., dissents with opinion which McMILLAN, J., joins.