WISE, Judge.
Arthur Earl Thompson appeals from the circuit court’s denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief, in which he attacked his 1996 murder conviction. On May 8, 1998, we affirmed Thompson’s conviction on direct appeal, by unpublished memorandum. Thompson v. State (No. CR-96-1079), 738 So.2d 933 (Ala.Crim.App.1998) (table). Following the Alabama Supreme Court’s denial of Thompson’s petition for certiorari review, *908 this Court issued a certificate of judgment on October 16,1998.
On November 9, 1998, Thompson filed his first Rule 32, Ala.R.Crim.P., petition, which the circuit court summarily denied on February 8, 2001. Thompson filed this, his second Rule 32 petition, on August 2, 2001. The petition contained: (1) a claim of ineffective assistance of trial counsel; (2) a claim of ineffective assistance of counsel[1]; (3) a claim that his due-process and equal-protection rights were violated; (4) a claim that the circuit court was without jurisdiction to render the judgment or to impose the sentence; (5) a claim that newly discovered evidence required his conviction be vacated; and (6) a claim that he was entitled to an out-of-time appeal from the denial of his first Rule 32 petition because the failure to timely appeal was through no fault of his own. The State filed a response in which it contended that Thompson’s petition was precluded because the circuit court had previously ruled on the claims in its denial of Thompson’s first Rule 32 petition. Further, the State contended that Thompson was not entitled to an out-of-time appeal on his first Rule 32 petition because it was the fault of Thompson’s attorney, and not the circuit court, that he did not timely appeal. On October 7, 2001, the circuit court entered an order denying Thompson’s second petition. The order concluded that all of the claims that had been raised in his first Rule 32 petition were procedurally barred under Rule 32.2(b), Ala.R.Crim.P. The court also concluded that Thompson was not entitled to an out-of-time appeal because it was his attorney’s fault that no timely appeal was filed. This appeal followed.
Thompson contends that in light of the claims presented, the circuit court erred in denying his Rule 32 petition. We agree.
In Fountain v. State, 842 So.2d 719, 724 (Ala.Crim.App.2000), aff'd in part, rev’d in part on other grounds, 842 So.2d 726 (Ala.2001), this Court determined that a Rule 32 petitioner has the “right to petition a circuit court for an out-of-time appeal pursuant to Rule 32.1(f), Ala. R.Crim.P., of that court’s denial of post-conviction relief when the petitioner has been denied the ability to file a timely appeal because of a mistake by the circuit court.” 842 So.2d at 724. Accord Brooks v. State, [Ms. CR-00-1134, April 26, 2002] — So.2d -, - (Ala.Crim.App.2002) (opinion on rehearing). Likewise, in Ex parte Johnson, 806 So.2d 1195 (Ala.2001), the Alabama Supreme Court held that denying a Rule 32 petitioner appellate review of the ruling on his petition violated the petitioner’s right to procedural due process when the petitioner’s inability to perfect a timely appeal was caused by the circuit court’s failure to give adequate notice of its ruling.
In support of his second Rule 32 petition, Thompson alleged:
“The petitioner was appointed Randal D. Beck to represent him on the Rule 32 petition procedures. Petitioner’s counsel failed to file a notice of appeal. Petitioner wrote the clerk concerning the Rule 32 petition. The court responded with a[n] order telling the petitioner that if petitioner wanted to file anything to the court the petitioner would have to file it through his counsel. Then, the petitioner wrote his counsel by certified mail requesting knowledge concerning the Rule 32 appeal. The counsel never responded to petitioner’s request, and *909 the 42 day period for filing the appeal elapsed. Then the petitioner filed a request for [an] out-of-time appeal. The court denied petitioner’s request. Still no one told me that my attorney was not responsible to do my appeal.”
(C. 23.)
In support of his claim that he attempted to contact his attorney regarding an appeal, Thompson attached copies of certified mail receipts, indicating that he wrote to his appointed counsel on February 9, 2001, and again on March 20, 2001. (C. 38.) The State contends that this Court’s holding in Fountain[2] is limited to situations where the petitioner’s failure to file a timely appeal was caused by the actions of the circuit court. In its order denying the petition, the circuit court noted:
“(6) As to petitioner’s allegation that he failed to appeal within the prescribed time and [that] that failure was without fault on petitioner’s part, he offers the following grounds:
“(a) Petitioner claims that he should be entitled to an out-of-time appeal since John Pat Orr, Circuit Clerk, was at fault and told petitioner that he could not file an appeal as long as he was represented by an attorney.
“(b) Petitioner claims that he should be entitled to an out-of-time appeal since his appointed counsel, Randal D. Beck, was at fault by not filing an appeal and not informing the Petitioner that he only had forty-two (42) days to file an appeal of the February 8, 2001, Order.
“The question whether Rule 32, Ala. R.Crim.P., permits an out-of-time appeal from the denial of a petition for post-trial relief was examined by the court in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), as a matter of first impression. In Fountain, the Circuit Court found that, through no fault of his own, but instead, the fault of the Circuit Court, the Petitioner had not received notice that his initial Rule 32 Petition had been dismissed. Fountain v. State. Therefore, the time for appeal ran before the Petitioner was aware that his Petition had been dismissed. Id. The Alabama Court of Criminal Appeals found that, under those circumstances, to deny Petitioner an out-of-time appeal would deny him his right to procedural due process and would not be a fair administration of justice. The Court then limited the holding to those cases where ‘the Circuit Court recognizes that it was the fault of the Court that the Petitioner was unable to perfect a timely appeal.’
“The present request for an out-of-time appeal is distinguishable from that in Fountain. Here, it was not the fault of the Circuit Court of the Circuit Clerk that Petitioner was denied the ability to timely file an appeal. Instead, the Petitioner is alleging that his attorney did not file a timely appeal and did not inform him that he only had forty-two (42) days to do so.
“The Court notes that Petitioner received a copy of the February 8, 2001, order in time to file a timely appeal. Furthermore, John Pat Orr, Circuit Clerk, correctly told petitioner that he could not file an appeal on his own as long as he was represented by counsel. The Court finds that petitioner is not entitled to an out-of-time appeal where *910 the Circuit Court was not at fault in denying petitioner the ability to perfect a timely appeal. Petitioner’s Rule 32 [petition] is due to be DENIED as to this claim.”
(C. 10-11.)
On the authority of Ex parte Fountain and Brooks v. State we must reverse the circuit court’s denial of Thompson’s second Rule 32, Ala.R.Crim.P., petition. Despite, the circuit court’s conclusion that Thompson’s failure to file a timely notice of appeal was not the fault of the court, its order, nevertheless, acknowledges the circuit clerk’s involvement in rebuking Thompson’s attempt to file a pro se notice of appeal. Although Thompson had no constitutional right to appointed counsel in a Rule 32 proceeding, see Cook v. State, 630 So.2d 492 (Ala.Crim.App.1993), the circuit court saw fit to appoint counsel to represent Thompson. Because Thompson had appointed counsel, the circuit clerk refused to allow Thompson to proceed pro se. Between the actions of his appointed counsel and the actions of the circuit clerk, Thompson found himself mired in a classic “catch 22” situation: counsel would not respond to his request to file a notice of appeal and the circuit clerk, knowing that Thompson was represented by counsel, refused to allow him to file a pro se notice of appeal. Given the particular eircum-stances of this case, Thompson should have been allowed to file a pro se notice of appeal. Accordingly, we conclude that procedural due process, together with the decisions in Ex parte Fountain and Brooks v. State, mandate that Thompson is entitled to an out-of-time appeal. The circuit court’s summary denial of Thompson’s second Rule 32 petition is reversed and the circuit court is directed to enter a new order and to notify Thompson promptly of that order so that he may file an appeal in accordance with established law and procedure.[3] See, e.g., Marshall v. State, [Ms. CR-01-0204, May 31, 2002] — So.2d(Ala.Crim.App.2002).
Because we direct the circuit court to grant the petition on the issue of that court’s failure to allow Thompson to file a pro se notice of appeal, we do not address Thompson’s related claim of ineffective assistance of counsel.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ„ concur.

. Thompson's claim of ineffective assistance of appellate counsel included a claim that his Rule 32 counsel was ineffective because he did not file a timely notice of appeal.

. We note that at the time of the proceedings below, the Alabama Supreme Court had not yet released its decision in Ex parte Fountain, 842 So.2d 726 (Ala.2001), affirming in part and reversing in part this Court’s judgment in Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000). Hence, the references to Fountain are to the opinion of this Court, rather than the Supreme Court opinion.

. We note that the record contains a copy of the circuit court’s detailed order denying Thompson’s first Rule 32 petition. (C. 49-62.) However, because the record does not contain the remainder of the filings in connection with this order, including Thompson's original Rule 32 petition, we are not able to review the merits of Thompson's claims.