McMILLAN, Presiding Judge.
The appellant, Dewey Kyle Easterling, filed a Rule 32, Ala. R.Crim. P., petition, attacking his guilty plea convictions for two counts of first-degree sodomy and one count of first-degree sexual abuse. He was sentenced to two consecutive sentences of life imprisonment for the sodomy convictions and to 10 years’ imprisonment for the sexual abuse conviction, to run concurrently with the two sentences for the sodomy convictions. Easterling did not appeal his convictions. In this, his second Rule 32 petition, Easterling argued (1) that his guilty plea was not knowingly and voluntarily entered; (2) that he was denied effective assistance of trial counsel because, he said, counsel “misled” him as to the length of his prison sentences; and (3) that he was denied the opportunity to appeal his convictions through no fault of his own. The State moved to dismiss, arguing that the petition was barred by Rules 32.2(a)(3) and (5), Ala. R.Crim. P., and that Easterling had knowingly and voluntarily pleaded guilty to the charges. The trial court thereafter summarily de *143 nied the petition on the grounds the State alleged in its answer.
On appeal, Easterling argues only that the circuit court erred in denying his request to file an out-of-time appeal. He contends that he was not advised of the circuit court’s dismissal of his first Rule 32 petition, which also alleged that his guilty plea was not knowingly and voluntarily entered. Easterling maintains that, although the first petition was denied on October 30, 2001, he was not informed of the denial until December 21, 2001. He states that during this time, he wrote numerous letters to the circuit clerk’s office requesting to be advised of the status of his petition.
Because Easterling does not argue on appeal the remaining claims presented in his petition, he is deemed to have abandoned these issues, and this Court cannot address them. Brownlee v. State, 666 So.2d 91 (Ala.Crim.App.1995).
However, it appears from the record that Easterling may be entitled to an out-of-time appeal from the dismissal of his previous Rule 32 petition. See Brooks v. State, [Ms. CR-00-1134, April 26, 2002] — So.2d-(Ala.Crim.App.2002) (when an appellant was not notified of the denial of a Rule 32 petition within 42-day appeal period, a subsequent Rule 32 petition is the proper vehicle for obtaining an out-of-time appeal). Fountain v. State, 842 So.2d 719 (Ala.Crim.App.2000), Thompson v. State, [Ms. CR-01-0285, June 28, 2002] — So.2d - (Ala.Crim.App.2002). Therefore, this cause is remanded to the Chilton Circuit Court with directions for that court to determine when Easterling received a copy of the order denying the first Rule 32 petition. If the circuit court finds that, as Easterling alleges, the 42-day period for filing a notice of appeal had run before he received a copy of the order, the court shall grant Easterling an out-of-time appeal. Due return shall be made within 28 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.