910 So.2d 146 (2005)
Kenneth LOGGINS
v.
STATE of Alabama.
CR-01-1804.
Court of Criminal Appeals of Alabama.
March 11, 2005.
*147 Martin Flumenbaum, New York, New York; Wilson Myers, Sr., Gulf Shores (withdrew 4/27/04); and Talitha Powers Bailey, Birmingham, for appellant.
William H. Pryor, Jr., and Troy King, attys. gen., and James R. Houts and Beth Jackson Hughes, asst. attys. gen., for appellee.
PER CURIAM.
Kenneth Loggins appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his capital-murder conviction and his sentence of death.
In August 1994, Loggins was indicted for two counts of capital murder in connection with the murder of Vickie Deblieux. Count I of the indictment charged Loggins with murder made capital because it was *148 committed during a kidnapping, see § 13A-5-40(a)(1), Ala.Code 1975; Count II of the indictment charged Loggins with murder made capital because it was committed during a robbery, see § 13A-5-40(a)(2), Ala.Code 1975. A jury found Loggins guilty of the capital offense of murder committed during a kidnapping as charged in Count I of the indictment and of intentional murder as a lesser-included offense of the capital offense of murder committed during a robbery under Count II of the indictment. By a vote of 10-2, the jury recommended that Loggins be sentenced to death for his capital-murder conviction. The trial court accepted the jury's recommendation and sentenced Loggins to death for the capital-murder conviction; the trial court sentenced Loggins to life imprisonment for the intentional-murder conviction. On appeal, this Court affirmed Loggins's capital-murder conviction and his sentence of death, but vacated Loggins's conviction and sentence for intentional murder on the ground that it violated the principles of double jeopardy. Loggins v. State, 771 So.2d 1070 (Ala.Crim. App.1999). The Alabama Supreme Court affirmed this Court's judgment, Ex parte Loggins, 771 So.2d 1093 (Ala.2000), and this Court issued a certificate of judgment on June 20, 2000.
Loggins, through counsel, filed his Rule 32 petition on August 29, 2001.[1] After receiving a response from the State, the circuit court summarily denied the petition on December 10, 2001. In May 2002, Loggins filed a motion with the circuit court requesting that it vacate the December 10, 2001, order summarily denying his petition on the ground that Loggins never received a copy of the order and he was not aware that his petition had been denied until he was notified by the State in late May 2002 that it had been denied.[2] The circuit court granted the motion, vacated the December 10, 2001, order, and reissued the order denying Loggins's Rule 32 petition on May 28, 2002. Loggins filed a notice of appeal on June 4, 2002, and an amended notice of appeal on June 25, 2002.
This appeal is due to be dismissed because the circuit court had no jurisdiction to vacate and reissue its December 10, 2001, order almost six months after the original order had been entered; thus, Loggins's notice of appeal was untimely filed. "[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered. See, e.g., Ex parte Bishop, 883 So.2d 262, 264 (Ala.Crim.App. 2003) ("According to established precedent, a trial court retains jurisdiction to modify a ruling for 30 days."). This general rule applies to Rule 32 petitions. See Henderson v. State, [Ms. CR-03-0804, October 29, 2004] ___ So.2d ___ (Ala.Crim. App.2004). A motion for a new trial or a *149 motion in arrest of judgment may be filed within 30 days of the date of sentencing, see Rule 24.1(b) and Rule 24.2(b), Ala. R.Crim.P., in which case, the sentencing court retains jurisdiction to rule on the motion beyond 30 days, see Rule 24.4, Ala.R.Crim.P.,[3] and the filing of such a motion tolls the time for filing a notice of appeal. See Rule 4(b)(1), Ala.R.App.P. ("If a motion in arrest of judgment, motion for new trial, or motion for judgment of acquittal has been filed within 30 days from pronouncement of the sentence, an appeal may be taken within 42 days (6 weeks) after the denial or overruling of the motion."). However, Rule 24 has no application to postconviction proceedings under Rule 32. See Patterson v. State, 549 So.2d 635, 636 (Ala.Crim.App.1989) ("The language of [Rule 24] clearly does not contemplate the filing of a motion for new trial after the denial of a Rule 20 [now Rule 32] petition.").
In the context of a Rule 32 petition, the postjudgment motion frequently filed by petitioners and the one recognized by this Court, is a motion to reconsider or to modify the judgment. However, such a postjudgment motion, even if timely filed, does not extend the circuit court's jurisdiction beyond 30 days after the denial of the petition. See, e.g., Henderson, supra (holding that the circuit court lacked jurisdiction to conduct an evidentiary hearing on a petitioner's timely motion to reconsider more than 30 days after the court's denial of the Rule 32 petition). Nor does the filing of such a motion toll the time for filing a notice of appeal. See, e.g., Ex parte Wright, 860 So.2d 1253, 1254 (Ala. 2002) (holding that, in the context of postconviction relief, the 42-day appeal period runs from the date of the circuit court's denial of the Rule 32 petition if the court does not issue a separate written order of denial or, if the court issues a separate written order denying the Rule 32 petition, the date that order is filed in the circuit clerk's office), and Conley v. State, 545 So.2d 246, 247 (Ala.Crim.App.1989) ("A motion to reconsider or amend does not fall within that category of motions that tolls the time for appeal under the Alabama Rules of Appellate Procedure."). As this Court noted in Patterson, "[n]either the Alabama Rules of Criminal Procedure nor the Alabama Rules of Appellate Procedure provide a procedure for suspending the time for appeal upon the filing of a motion to reconsider the denial of a Rule 20 [now Rule 32] petition." 549 So.2d at 636.
Thus, in this case, the circuit court lost jurisdiction to modify its ruling 30 days after December 10, 2001, the date it denied Loggins's Rule 32 petition, and its May 2002 order purporting to vacate and reissue its December 10, 2001, order is void.[4] Because the May 2002 order is void, the only order from which Loggins could have appealed is the December 10, 2001, order. However, Loggins did not file his notice of appeal until June 4, 2002, almost six months after the December 10, 2001, order was entered. Rule 32.10, Ala. R.Crim.P., provides that either party may *150 appeal a circuit court's ruling on a Rule 32 petition by filing a timely notice of appeal in accordance with Rule 4, Ala.R.App.P. Rule 4(a)(1), Ala.R.App.P., provides that a notice of appeal must be filed "with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." "`Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional.'" Melson v. State, 902 So.2d 715, 719 (Ala. Crim.App.2004), quoting Committee Comments to Rule 3, Ala.R.App.P. "`[A] court cannot extend, expand, or otherwise modify the time for perfecting an appeal. A court cannot breathe life into a dead appeal.'" Symanowski v. State, 606 So.2d 171, 173 (Ala.Crim.App.1992), quoting Wood v. City of Birmingham, 380 So.2d 394, 396 (Ala.Crim.App.1980).
"`"In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal ... even to relieve against mistake, inadvertence, accident, or misfortune...." Meeks v. State Farm Mut. Auto. Ins. Co., 286 Ala. 513, 515, 243 So.2d 27, 28 (1970) (quoting with approval Hanley v. Hanley, 23 Cal.2d 120, 142 P.2d 423, 149 A.L.R. 1250, 1261-67 (1943)). "In the interest of finality of judgments, the prescribed time within which a notice of appeal must be filed with the trial court cannot be waived nor is it subject to extension of time by agreement of the parties or by order of this Court." Stewart v. Younger, 375 So.2d 428, 428 (Ala.1979) (emphasis in original). See also Hayden v. Harris, 437 So.2d 1283, 1287 (Ala.1983); State v. Kebe, 399 So.2d 348 (Ala.1981) (wherein our supreme court noted that a United States District Court could not confer to the court the authority to extend the 42-day period).'

"Symanowski v. State, 606 So.2d 171, 172 (Ala.Cr.App.1992)."
Woods v. State, 609 So.2d 7, 8 (Ala.Crim. App.1992) (first emphasis added). See Rule 2(b), Ala.R.App.P. ("In the interest of expediting decision or for other good cause shown, an appellate court may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction; provided, however, an appellate court may not extend the time for taking an appeal, as provided in Rule 4(a)(1)."), and Rule 2(a)(1), Ala.R.App.P. ("An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court."). Therefore, Loggins's notice of appeal was untimely, and this appeal must be dismissed.
We recognize that at the time Loggins filed his motion requesting that the circuit court vacate its December 10, 2001, order, the law concerning out-of-time appeals from the denial of Rule 32 petitions was uncertain, to say the least;[5] we also recognize that Loggins apparently acted in a good-faith belief that the circuit court had jurisdiction to grant the relief he sought. We further recognize that our holding today will deprive Loggins of appellate review of the denial of his Rule 32 petition at this time. However, Loggins has a remedy: In Marshall v. State, 884 So.2d 900 (Ala.2003), the Alabama Supreme Court held that the proper avenue for seeking an out-of-time appeal from the denial of a Rule 32 petition when the petitioner did not receive notice of the denial *151 is by filing a petition for a writ of mandamus with this Court.[6] Although Rule 21(a), Ala.R.App.P., provides that a petition for a writ of mandamus must be filed within a presumptively reasonable time  within 42 days of the challenged ruling  Loggins could certainly make a persuasive argument that that time period was tolled by the unique circumstances of this case and obtain the relief to which he is entitled. While it may seem to be a waste of judicial resources to dismiss Loggins's appeal at this point and force him to file a petition for a writ of mandamus directing the circuit court to do what it has already attempted to do  vacate and reissue its December 10, 2001, order denying Loggins's Rule 32 petition so that Loggins may then appeal  we have no choice. This Court has no authority to grant the circuit court jurisdiction it did not have, and we cannot extend the time for filing a notice of appeal.
Based on the foregoing, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
SHAW, J., concurs specially.
SHAW, Judge, concurring specially.
The circuit court initially denied Kenneth Loggins's petition on December 10, 2001. Loggins was apparently not notified of that denial until May 2002, at which point he filed a motion requesting that the circuit court vacate its December 10 order and reissue the order so that he could file a timely notice of appeal. The circuit court granted Loggins's motion and entered an order on May 28, 2002, purporting to vacate and reissue its December 10 order. Loggins then filed a notice of appeal. The main opinion holds that the notice of appeal was untimely because, it says, the circuit court had no authority to vacate its December 10, 2001, order and reissue its order on May 28, 2002. I reluctantly agree that this appeal must be dismissed.
The law regarding the proper procedure for seeking an out-of-time appeal from the denial of a Rule 32, Ala.R.Crim.P., petition for postconviction relief has been in a state of confusion for the last five years. On April 28, 2000, this Court issued its opinion in Fountain v. State, 842 So.2d 719 (Ala. Crim.App.2000), aff'd, 842 So.2d 726 (Ala. 2001), holding that Rule 32 was the proper avenue for seeking an out-of-time appeal from the denial of a Rule 32 petition. From the day Fountain was released until June 8, 2001, when the Alabama Supreme Court released its decision in Ex parte Johnson, 806 So.2d 1195 (Ala.2001), a subsequent Rule 32 petition was the stated remedy for seeking an out-of-time appeal from the denial of an earlier filed Rule 32 petition. In Johnson, however, without overruling or acknowledging this Court's opinion in Fountain, the Alabama Supreme Court granted a Rule 32 petitioner an out-of-time appeal from the denial of a Rule 32 petition by issuing a writ of mandamus. Thus, beginning June 8, 2001, there were two apparent means of seeking an out-of-time appeal from the denial of a Rule 32 petition: a subsequent Rule 32 petition and a petition for a writ of mandamus. See Brooks v. State, 892 So.2d 969, 972 (Ala.Crim.App.2002) (Shaw, J., concurring in the result, joined by Baschab, J.).
*152 Over two years later, however, on September 26, 2003, the Alabama Supreme Court issued its opinion in Marshall v. State, 884 So.2d 900 (Ala.2003), holding that the writ of mandamus was the sole remedy available for those seeking an out-of-time appeal from the denial of a Rule 32 petition. In Marshall, the Court expressly declined to "amend" Rule 32 so that it would be the remedy for seeking an out-of-time appeal from the denial of a Rule 32 petition, noting that to do so would effectively overrule its decisions in Johnson and Ex parte Weeks, 611 So.2d 259 (Ala.1992), upon which the Court in Johnson relied. Specifically, the Court stated, in part:
"If this Court were to hold today that Marshall may properly request an out-of-time appeal in a Rule 32 petition, we would be, first, amending Rule 32 to provide a ground for relief that the rule does not currently provide.
"While this Court, and not the Court of Criminal Appeals or the Court of Civil Appeals, maintains the authority to amend the rules of procedure, see Amend. No. 328, § 6.11, Ala. Const. 1901, we decline to do so at this time and in this manner. Second, if we hold that the out-of-time appeal was properly granted in this case, we would be implicitly nullifying our explicit holding in Ex parte Weeks and our implicit holding in Ex parte Johnson that mandamus is the only remedy in such a case. In other words, our recognizing that a successive Rule 32 petition may be the vehicle for requesting an out-of-time appeal from the denial of a previous Rule 32 petition would create `another adequate legal remedy,' ostensibly one `in addition' to a writ of mandamus. See Brooks v. State, 892 So.2d 969, 974 [(Ala.Crim.App.2002)] (reluctantly recognizing that `the law,' as interpreted by the Court of Criminal Appeals, provides `two remedies'  one by way of a petition for writ of mandamus and one pursuant to a Rule 32 petition) (Shaw, J., concurring in the result). It follows, however, that the introduction of a remedy `in addition' to mandamus would destroy the possibility of mandamus because for that extraordinary writ to issue the petitioner must have no adequate legal remedy. See, e.g., Ex parte Weaver, 781 So.2d 944, 949 (Ala.2000). We therefore do not recognize such an `additional' remedy.
"....
"We hereby decline effectively to amend Rule 32; we reaffirm our holdings in Ex parte Weeks and Ex parte Johnson; and we reiterate that the writ of mandamus is `the only remedy available' to those who, like Marshall, through no fault of their own, fail to receive notice of the dismissal of their Rule 32 petition in time to effect a timely appeal therefrom."
884 So.2d at 904-05 (footnotes omitted).
However, on January 13, 2005, the Alabama Supreme Court issued an order amending Rule 32.1(f) and Rule 32.2(c). Rule 32.1(f) as amended provides that a valid ground for relief under Rule 32.1 is that
"[t]he petitioner failed to appeal within the prescribed time from the conviction or sentence itself or from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner's part."
(Emphasis added.) The amendment to Rule 32.2(c) provides a six-month limitations period on filing a Rule 32 petition seeking an out-of-time appeal from the denial of a previous Rule 32 petition. These amendments are effective June 1, 2005. Clearly, the Supreme Court now believes that Rule 32 should be the proper avenue for seeking an out-of-time appeal *153 from the denial of a Rule 32 petition, and it appears to me that, by adopting these amendments, the Supreme Court has recognized the doctrinal and practical problems with its holding in Marshall  that the writ of mandamus is the appropriate remedy for those seeking an out-of-time appeal from the denial of a Rule 32 petition. The Supreme Court now recognizes that a writ of mandamus should not issue unless the circuit court has refused to give relief clearly due the petitioner, and that the circuit court, not this Court, should conduct the initial review of a motion seeking an out-of-time appeal. However, the amendments to Rule 32 do not take effect until June 1, 2005. Furthermore, Marshall, Johnson, and Ex parte V.S., 898 So.2d 713 (Ala.2004), which was issued approximately a year after Marshall,[7] have not been overruled and represent the current state of the law.[8] Therefore, it does not appear to me that Loggins presently has the ability to obtain an out-of-time appeal pursuant to Rule 32[9] or that he will have that ability on or after June 1, 2005. If Loggins were to wait until June 1 to file a Rule 32 petition under the amended Rule 32.1(f), seeking an out-of-time appeal from the circuit court's December 10 order, this Court would be required to apply the newly added six-month limitations period in Rule 32.2(c), as amended effective June 1, 2005, and deny Loggins relief. See, e.g., Ex parte Phillips, 887 So.2d 324 (Ala. Crim.App.2004) ("The limitations period established in Rule 32.2(c), Ala.R.Crim.P., is mandatory and jurisdictional; failure to file a Rule 32 petition within the period deprives a court of the jurisdiction to review a Rule 32 petition.").
On the other hand, Loggins can obtain an out-of-time appeal under the authority of Marshall and its progeny, even though *154 those decisions are doctrinally unsound because they failed to recognize that the circuit court did not first have an opportunity to correct the due-process violation resulting from the lack of notice of the denial of a Rule 32 petition. Requiring Loggins to take this additional step at this stage in these proceedings is, in my view, unfortunate and will result in a waste of judicial resources. It is regrettable that we must require Loggins to file a separate mandamus petition in this Court requesting the exact relief he has already requested from the circuit court, and it may seem absurd for this Court to then order the circuit court to give the exact relief it has already attempted to give. However, we have no discretion to ignore defects that affect this Court's jurisdiction.
Loggins and the State have a keen interest in the resolution of the issues presented in this Rule 32 petition. Loggins's death sentence must be vacated based on the authority of the United States Supreme Court's recent decision in Roper v. Simmons, ____ U.S. ____, 125 S.Ct. 1183 (2005); therefore, his penalty-phase issues are effectively moot. However, because this appeal must be dismissed for lack of jurisdiction, Loggins's death sentence cannot be vacated and his guilt-phase issues cannot be addressed in this appeal.
NOTES
[1] Loggins's petition was not properly verified as required by Rule 32.6(a), Ala.R.Crim.P. However, recently in Smith v. State, [Ms. CR-03-2146, February 25, 2005] ___ So.2d ___ (Ala.Crim.App.2005), this Court held that the failure to comply with the verification requirements of Rule 32.6(a) does not deprive a circuit court of subject-matter jurisdiction to consider a Rule 32 petition, but is a waivable defect. The State did not object in this case to the lack of proper verification of Loggins's petition; therefore, that issue is deemed to be waived.
[2] Although the motion was not stamped as filed by the circuit clerk until June 4, 2002, the circuit court granted the motion on May 28, 2002, indicating that the court received the motion on May 28, 2002.
[3] Rule 24.4 specifically provides that a court has jurisdiction to rule on a motion for a new trial for 60 days after sentencing, at which point the motion is deemed denied by operation of law; that period can also be extended past 60 days, but only by express agreement of the parties. Rule 24.4 was adopted to promote "finality of judgments." Edgar v. State, 646 So.2d 683, 686 (Ala. 1994).
[4] Although the State did not object to Loggins's motion requesting the circuit court to vacate its December 10, 2001, order, it is well settled that jurisdictional defects cannot be waived or excused. See, e.g., Mitchell v. State, 777 So.2d 312 (Ala.Crim.App.2000).
[5] For a detailed discussion of the evolution of the law on this issue see Judge Shaw's special concurrence to this opinion.
[6] In January 2005, the Alabama Supreme Court, recognizing the flaws in its decision in Marshall, issued an order amending Rule 32.1(f), Ala.R.Crim.P., to provide that a petitioner could secure an out-of-time appeal from the denial of a Rule 32 petition by filing another Rule 32 petition. The amended rule becomes effective June 1, 2005.
[7] In V.S., the Supreme Court quashed a writ of certiorari on a "jurisdictional basis" and, in doing so, reiterated its commitment to the holdings in Marshall, Johnson, and Weeks. This Court had dismissed as untimely V.S.'s appeal from the denial of his first Rule 32 petition and instructed V.S., on the authority of Fountain, which was in effect at the time of this Court's dismissal of V.S.'s original appeal, to file a second Rule 32 petition requesting an out-of-time appeal. V.S. followed this Court's instructions and filed a second Rule 32 petition, which the circuit court promptly granted. However, the out-of-time appeal from the denial of V.S.'s first petition did not reach this Court until after the Supreme Court had issued its opinion in Marshall. This Court nonetheless reached the appeal, holding that because Fountain was the law in effect when the out-of-time appeal had been granted, the out-of-time appeal was properly before this Court. The Alabama Supreme Court disagreed, quashed the writ of certiorari it had previously granted stating that the circuit court had no jurisdiction to grant the out-of-time appeal, and quoted its language in Marshall expressly declining to amend Rule 32.
[8] The law does not presently authorize a circuit court to reissue an order denying a Rule 32 petition in response to a motion to reconsider filed more than 30 days after the initial order. It occurs to me that if the Supreme Court thought there was a legal basis for recognizing the jurisdiction of a circuit court to take the action the circuit court took in this case, it had the opportunity to do so and thereby provide the necessary doctrinal underpinning for the rule stated in Marshall. Instead, the Court chose to amend Rule 32.
[9] Construing Loggins's motion to reconsider as a Rule 32 petition seeking the denial of the circuit court's December 10 order and treating this appeal as an out-of-time appeal from that order does not appear to be an option. Such an approach would tend to give effect to the Supreme Court's obvious intent in adopting the new amendments to Rule 32, would guarantee Loggins the appellate review of his petition to which he is entitled and would avoid wasting judicial time and resources; however, as noted, there is currently no remedy available under Rule 32. Therefore, the rationale of Ex parte Deramus, 882 So.2d 875 (Ala.2002), that a motion must be treated according to its substance and not its style, is inapplicable.