MOORE, Chief Justice
(concurring specially).
On November 20, 2012, the trial court dismissed Jeffrey T. Ervin’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. Ervin filed a notice of appeal to the Court of Criminal Appeals on January 14, *736 2013, 55 days after the dismissal of his petition. The time in which to file a notice of appeal from the denial or dismissal of a Rule 32 petition is 42 days. Rule 4(a)(1), Ala. R.App. P. On February 7, 2013, the Court of Criminal Appeals dismissed Ervin’s appeal as untimely. Ervin v. State (No. CR-12-0693, Feb. 7, 2013),-So.3d - (Ala.Crim.App.2013) (table). See Committee Comments to Rule 3, Ala. R.App. P. (“Timely filing of the notice of appeal is a jurisdictional act.”).
Ervin argues in his petition for a writ of certiorari to this Court that the failure to timely file the notice of appeal was the result of ineffective assistance of counsel and that he is thus entitled to an out-of-time appeal. Rule 32.1(f), Ala. R.Crim. App., states as a ground for postconviction relief that “[t]he petitioner failed to appeal within the prescribed time ... from the dismissal or denial of a petition previously filed pursuant to this rule and that failure was without fault on the petitioner’s part.” (Emphasis added.) A petitioner’s claim for relief from a late-filed notice of appeal must thus be based on a previous petition, not the current one.
Because counsel’s alleged failure to file a timely notice of appeal in a Rule 32 proceeding cannot be challenged in the same proceeding in which the error occurred, Ervin must file a separate and subsequent Rule 32 petition in the trial court to raise this issue. “[T]he proper method of seeking an out-of-time appeal from the denial of a Rule 32 petition is by filing another Rule 32 petition.” Ex parte V.S., 918 So.2d 908, 912 n. 3 (Ala.2005). See also Loggins v. State, 910 So.2d 146, 153 (Ala.Crim.App.2005) (Shaw, J., concurring specially) (“[T]he circuit court, not this Court, should conduct the initial review of a motion seeking an out-of-time appeal.”).
Because Ervin’s Rule 32.1(f) claim is not properly before this Court, I concur in denying the petition for a writ of certiora-ri.